**WO**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>      Plaintiff,<br><br>  v.<br><br>Ambrosia Web Design LLC, an Arizona limited liability company, also d/b/a AWD; Concord Financial Advisors LLC, an Arizona limited liability company; CAM Services Direct LLC, an Arizona limited liability company; AFB LLC, an Arizona limited liability company; Western GPS LLC, an Arizona limited liability company; Chris Ambrosia, individually and as a manager of Ambrosia Web Design LLC, AFB LLC, and CAM Services Direct LLC; and LeRoy Castine, a/k/a Lee Castine, individually and as a manager of Ambrosia Web Design LLC, Concord Financial Advisors LLC, AFB LLC, and Western GPS LLC;<br><br>      Defendants. | No. CV-12-2248-PHX-JAT<br><br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER WITH OTHER EQUITABLE RELIEF, AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE, AND REQUEST TO APPOINT RECEIVER**<br><br><br>**UNDER SEAL** |

   Plaintiff, Federal Trade Commission (Commission), has filed its Complaint for a Permanent Injunction and Other Equitable Relief in this matter, under Section 13(b) of the Federal Trade Commission Act (FTC Act), 15 U.S.C. § 53(b), and has moved for an *ex parte* Temporary Restraining Order and other relief under Rule 65 of the Federal Rules

of Civil Procedure, Fed. R. Civ. P. 65.  The Court, having considered the Complaint, declarations, exhibits and memorandum of law filed in support thereof, and now being advised in the premises, grants Plaintiff's application (Doc. 4).  The Court finds that:

## FINDINGS OF FACT

1.     This Court has jurisdiction over the subject matter of this case and there is also good cause to believe it will have jurisdiction over Defendants.

2.     Venue lies properly with this Court.

3.     There is good cause to believe that Defendants Ambrosia Web Design LLC, d/b/a AWD, Concord Financial Advisors LLC, CAM Services Direct LLC, AFB LLC, Western GPS LLC, Chris Ambrosia, and LeRoy Castine have engaged in, and are likely to engage in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Commission's Trade Regulation Rule entitled Telemarketing Sales Rule (TSR), 16 C.F.R. Part 310, and that the Commission is likely to prevail on the merits of this action.

4.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-gotten monies – will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or records if Defendants are provided with advance notice of this Order, and that therefore in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants.

5.     There is good cause for relieving the Commission of the duty to provide Defendants with prior notice of the Commission's application.

6.     Good cause exists for the appointment of a Temporary Receiver over Corporate Defendants Ambrosia Web Design LLC, d/b/a AWD, Concord Financial Advisors LLC, CAM Services Direct LLC, AFB LLC, and Western GPS LLC.

7.     Considering the Commission's likelihood of ultimate success and weighing the equities, a Temporary Restraining Order with an asset freeze, appointment of a Temporary Receiver, and other equitable relief is in the public interest.

8.     No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Temporary Restraining Order, the following definitions shall apply:

A.     "**Corporate Defendants**" means Ambrosia Web Design LLC, d/b/a AWD, Concord Financial Advisors LLC, CAM Services Direct LLC, AFB LLC, Western GPS LLC, and their successors and assigns.

B.     "**Defendants**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

C.     "**Electronic data host**" means any person or entity that stores, hosts, or otherwise maintains electronically stored information or computer equipment.

D.     "**Financial institution**" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

E.     "**Individual Defendants**" means Chris Ambrosia and LeRoy Castine, a/k/a Lee Castine.

F.     "**National Do Not Call Registry**" means the "do-not-call" registry maintained by the Federal Trade Commission under 16 C.F.R. § 310.4(b)(1)(iii)(B).

G.     "**Mail**" includes, but is not limited to, all envelopes, papers, or other items delivered, whether by United States Mail, United Parcel Service, FedEx, email, or similar delivery service.

H.       "**Receivership Defendants**" means the Corporate Defendants, as well as any affiliates and subsidiaries that conduct any business related to the Corporate Defendants' credit card interest rate reduction services and that the Temporary Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants.

I.        "**Telemarketing**" means any plan, program, or campaign that is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR, 16 C.F.R. Part 310.

J.        "**Temporary Receiver**" refers to the receiver identified in Paragraph XV.

**<u>ORDER</u>**

**PROHIBITIONS AND CONDUCT REQUIREMENTS**

**I.     PROHIBITIONS AGAINST MISREPRESENTATIONS**

**IT IS THEREFORE ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promotion, offering for sale, or sale of any credit card interest rate reduction service, are temporarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to, that:

A.       Purchasers will receive a low interest rate credit card, will have their credit card interest rates reduced substantially, or will save thousands of dollars;

B.       Purchasers will get full or partial refunds if they do not receive the guaranteed interest rate reduction or dollar savings; and

C.       Defendants are carrying out a government program or are otherwise affiliated with the United States government.

1   **II.    PROHIBITION AGAINST UNAUTHORIZED BILLING**

2          **IT IS FURTHER ORDERED** that Defendants, their members, officers, agents,

3   servants, employees, and attorneys, and all other persons in active concert or participation

4   with any of them, who receive actual notice of this Order by personal service, facsimile

5   transmission, email, or otherwise, whether acting directly or indirectly, are temporarily

6   restrained and enjoined from causing, or assisting others in causing, billing information to

7   be submitted for payment without having obtained previously consumers' express

8   informed consent.

9   **III.   PROHIBITED BUSINESS ACTIVITIES UNDER THE TSR**

10          **IT IS FURTHER ORDERED** that Defendants, their members, officers, agents,

11  servants, employees, and attorneys, and all other persons in active concert or participation

12  with any of them, who receive actual notice of this Order by personal service, facsimile

13  transmission, email, or otherwise, whether acting directly or indirectly, in connection

14  with the telemarketing of goods and services, are temporarily restrained and enjoined

15  from violating, or assisting others in violating, any provision of the TSR, 16 C.F.R. Part

16  310, including, but not limited to:

17          A.      Misrepresenting, directly or by implication, material aspects of the

18  performance, efficacy, nature, or central characteristics of such goods and services,

19  16 C.F.R. §310.3(a)(2)(iii);

20          B.      Misrepresenting, directly or by implication, material aspects of the

21  performance, efficacy, nature, or central characteristics of debt relief services, 16 C.F.R.

22  §310.3(a)(2)(x);

23          C.      Misrepresenting, directly or by implication, that Defendants will provide

24  full or partial refunds if consumers do not achieve the guaranteed results, 16 C.F.R.

25  §310.3(a)(2)(iv);

26

27

28

D.     Failing to disclose to consumers that Defendants have a policy of not making refunds or allowing cancellations, if this is Defendants' policy, 16 C.F.R. § 310.3(a)(1)(iii);

E.     Misrepresenting, directly or by implication, that Defendants are carrying out a government program or are otherwise affiliated with the United States government, 16 C.F.R. § 310.3(a)(2)(vii);

F.     Requesting or receiving payment of any fee or consideration in advance of obtaining a loan or other extension of credit, when Defendants have guaranteed or represented a high likelihood of success in obtaining or arranging a loan or other extension of credit for a consumer, 16 C.F.R. § 310.4(a)(4);

G.     Requesting or receiving payment of any fee or consideration for a debt relief service, before:  (a) Defendants have renegotiated, settled, reduced, or otherwise altered the terms of at least one debt pursuant to a settlement agreement, debt management plan, or other such valid contractual agreement executed by the consumer; and (b) the consumer has made at least one payment pursuant to that agreement, 16 C.F.R. § 310.4(a)(5)(i);

H.     Causing billing information to be submitted for payment without the express informed consent of the consumer, 16 C.F.R. § 310.4(a)(7);

I.     Engaging in, or causing a telemarketer to engage in, initiating an outbound telephone call to a person's telephone number that is on the National Do Not Call Registry, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless the Defendants have:

1.     obtained an express agreement, in writing, from such person, that clearly evidences the person's authorization that calls made by or on behalf of Defendants may be placed to that person, and that includes the telephone number to which the calls may be placed and the signature of the person; or

2.      an established business relationship with such person, and that person has not stated that he or she does not wish to receive outbound telephone calls made by or on behalf of Defendants; and

J.      Initiating, or causing others to initiate, an outbound telephone call that delivers a prerecorded message to induce the purchase of any good or service, 16 C.F.R. § 310.4(b)(1)(v), unless the Defendants have obtained from the recipient of the call an express agreement, in writing, that:

1.      Defendants obtained only after a clear and conspicuous disclosure that the purpose of the agreement is to authorize Defendants to place prerecorded calls to that person;

2.      Defendants obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service;

3.      evidences the willingness of the recipient of the call to receive calls that deliver prerecorded messages by or on behalf of Defendants; and

4.      includes that person's telephone number and signature.

## IV.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, Social Security number, credit card number, bank account number, email address, or other identifying information of any person who paid money to any of the Defendants for the purchase of any good or service or who were contacted or are on a list to be contacted by any of the Defendants. Provided, however, that Defendants may disclose the identifying information to a law enforcement agency or as required by any law, regulation, or court order.

7

**ASSET FREEZE AND REPATRIATION OF ASSETS**

**V.    ASSET FREEZE**

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, or any of them, except as provided herein, as stipulated by parties, or as directed by further order of the Court, are temporarily restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

       1.    owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

       2.    in the actual or constructive possession of any Defendant; or

       3.    in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding company, or any credit union, retirement fund custodian, money market or mutual fund,

storage company, trustee, or with any broker-dealer, escrow agent, title

company, commodity trading company, precious metal dealer, or other

financial institution or depository of any kind, either within or outside the

territorial United States;

B.      Opening or causing to be opened any safe deposit boxes, commercial mail

boxes, or storage facilities titled in the name of any Defendant, or subject to access by

any Defendant or under any Defendant's control, without providing the Commission

prior notice and an opportunity to inspect the contents in order to determine that they

contain no assets covered by this Paragraph;

C.      Cashing any checks or depositing any payments from customers or clients

of Defendants;

D.      Incurring charges or cash advances on any credit card issued in the name,

singly or jointly, of any Defendant; or

E.      Incurring liens or encumbrances on real property, personal property, or

other assets in the name, singly or jointly, of any Defendant or any corporation,

partnership, or other entity directly or indirectly owned, managed, or controlled by any

Defendant.

The funds, property, and assets affected by this Paragraph shall include both

existing assets and assets acquired after the effective date of this Order.

## VI.     DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or

person maintaining or having custody or control of any account or other asset of any

Defendant, or any corporation, partnership, or other entity directly or indirectly owned,

managed, or controlled by, or under common control with any Defendant, that is served

with a copy of this Order, or otherwise has actual or constructive knowledge of this

Order, shall:

A.     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

    1.     on behalf of, or for the benefit of, any Defendant or any other party subject to Paragraph V., above;

    2.     in any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Paragraph V., above; and

    3.     that are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Paragraph V., above;

B.     Deny Defendants access to any safe deposit boxes or storage facilities that are either:

    1.     titled in the name, individually or jointly, of any Defendant, or other party subject to Paragraph V., above; or

    2.     subject to access by any Defendant or other party subject to Paragraph V., above;

C.     Provide the Commission, within 5 days of the date of service of this Order, a sworn statement setting forth:

    1.     the identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Paragraph V., above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

    2.     the balance of each such account, or a description of the nature and value of such asset;

10

3.      the identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Paragraph V., above, whether in whole or in part;

4.      the identification of any Defendant or other party subject to Paragraph V., above, that has attempted to access any account, safe deposit box, storage facility since the date of this Order; and

5.      if the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D.      Allow representatives of the Commission immediate access to inspect and copy, or upon the Commission's request, within 5 business days of said request, provide the Commission with copies of, all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.      This Paragraph shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained, held or controlled 2 years prior to the effective date of this Order.  This Paragraph shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

**VII.    REPATRIATION OF ASSETS AND DOCUMENTS**

**IT IS FURTHER ORDERED** that Defendants shall:

A.      Within 3 business days following service of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all documents

11

and assets that are located outside such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B.      Within 3 business days following service of this Order, provide the Commission with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America under Subparagraph A, above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the addresses and names of any foreign or domestic financial institution or other entity holding the documents and assets, along with the account numbers and balances;

C.      Hold and retain all such documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such documents or assets; and

D.      Within 3 business days following service of this Order, provide the Commission access to Defendants' records and documents held by financial institutions or other entities outside the territorial United States, by signing and delivering to the Commission's counsel the Consent to Release of Financial Records attached to this Order as Attachment A.

**VIII.   INTERFERENCE WITH REPATRIATION**

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Paragraph VII. of this Order, including, but not limited to:

A.      Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a

1   foreign trustee or other entity that a "duress" event has occurred under the terms of a

2   foreign trust agreement until such time as all assets have been fully repatriated according

3   to Paragraph VII. of this Order; or

4         B.    Notifying any trustee, protector, or other agent of any of the Defendants of

5   the existence of this Order, or of the fact that repatriation is required under a Court Order,

6   until such time as all assets have been fully repatriated according to Paragraph VII. of this

7   Order.

8                  **FINANCIAL STATEMENTS AND ACCESS TO RECORDS**

9   **IX.**     **FINANCIAL STATEMENTS AND ACCOUNTING**

10         **IT IS FURTHER ORDERED** that within 5 business days following the service

11   of this Order:

12         A.    Each Individual Defendant shall prepare and deliver to Commission

13   counsel a completed financial statement on the form captioned "Financial Statement of

14   Individual Defendant," that is attached to this Order as Attachment B;

15         B.    Each Defendant shall also prepare and deliver to Commission counsel a

16   completed statement, verified under oath:

17              1.    specifying the name and address of each financial institution and

18              brokerage firm at which the Defendant has accounts or safe deposit boxes.

19              The statements shall include assets held in foreign as well as domestic

20              accounts; and

21              2.    listing all persons who have received payments, transfers, or

22              assignment of funds, assets, or property that totals $10,000 or more in any

23              12-month period since January 1, 2011.  This list shall specify:  (a) the

24              amount(s) transferred or assigned; (b) the name of each transferee or

25              assignee; (c) the date of the assignment or transfer; and (d) the type and

26              amount of consideration paid to the Defendant; and

27

28

C.    Unless otherwise agreed upon with Commission counsel and the Temporary Receiver, Defendants shall also prepare and deliver to Commission counsel:

1.    a completed financial statement on the form captioned "Financial Statement of Corporate Defendant," that is attached to this Order as Attachment C, for each Corporate Defendant, and for each business entity owned, controlled or managed by Individual Defendants, regardless of whether it is a defendant in this case.  The financial statements shall be accurate as of the date and time of entry of this Order; and

2.    for each credit card interest rate reduction service advertised, marketed, promoted, offered for sale, or sold by Defendants, a detailed accounting, verified under oath, of:

a.    all gross revenues obtained from the sale of each such good or service (broken down by month and year) from January 1, 2011, through the date of the issuance of this Order;

b.    all net profits obtained from the sale of each such good or service (broken down by month and year) from January 1, 2011, through the date of the issuance of this Order;

c.    the total amount of each such good or service sold (broken down by month and year) from January 1, 2011, through the date of the issuance of this Order; and

d.    the full name, address, and telephone number of every purchaser or recipient of each such good or service, and the amount paid by each, from January 1, 2011, through the date of the issuance of this Order.

## X.     RECORDS MAINTENANCE AND NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, or any of them, are temporarily restrained and enjoined from:

A.     Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, electronically stored information, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of Defendants' assets;

B.     Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically stored information, that relate in any way to the business practices or business or personal finances of Defendants; to the business practices or finances of entities directly or indirectly under the control of Defendants; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.     Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

**XI.   CONSUMER CREDIT REPORTS**

**IT IS FURTHER ORDERED** that, under Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the Commission and the Temporary Receiver a consumer report concerning any of the Defendants.

**XII.   PRESERVATION OF EXISTING RECORDS**

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, are temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email, advertisements, computer tapes, discs, electronically stored information, or other computerized storage media, books, written or printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt books, ledgers, personal and business cancelled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind related to the business practices or business or personal finances of Defendants, individually and jointly.

**XIII.   DUTIES OF ELECTRONIC DATA HOSTS**

**IT IS FURTHER ORDERED** that pending determination of the Commission's request for a Preliminary Injunction, any electronic data host for Defendants shall:

A.      Discontinue the provision of products and services to any Defendant or any other person using a Defendant's account, and take no step to provide products or services to any Defendant except as authorized by further order of this Court;

B.    Disconnect any such computer equipment from the Internet and from any other means of remote access by Defendants or any other person, and take no step to reconnect the computer equipment except as authorized by further order of this Court;

C.    Deny Defendants and any other person access to Defendants' accounts for computer products and services except as authorized by further order of this Court;

D.    Deny Defendants and any other person access to the computer equipment except as authorized by further order of this Court;

E.    Prevent the modification or removal of Defendants' electronically stored information or computer equipment from its present location except as authorized by further order of this Court; and

F.    Provide counsel for the Commission, within 5 business days of receipt of a copy of this Order, with a sworn statement disclosing the identity of any electronic data host, and the location of the computer equipment, and describing, to the extent known, the make(s) and model(s) of the computer equipment, as well as the operating system(s) in use, and the number, size, and capacity of any mass storage arrays or devices, in order that the Commission may arrange for imaging of the contents of any of the mass storage arrays or devices.

## XIV.   IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.    Defendants and their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, shall immediately identify for the Commission's counsel and the Temporary Receiver:

1.    All of Defendants' business premises;

2.    Any non-residence premises where any Defendant conducts business, sales operations, or customer service operations;

3. Any non-residence premises where documents or electronically stored information related to the business, sales operations, or customer service operations of any Defendant are hosted, stored, or otherwise maintained, including but not limited to the name and location of any electronic data hosts; and

4. Any non-residence premises where assets belonging to any Defendant are stored or maintained; and

B. Defendants and their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly, and the Temporary Receiver shall allow the Commission's representatives, agents, and assistants immediate access to the business premises, mail drops, storage facilities, electronically stored information, and all other business locations owned, controlled, or used by Defendants, including, but not limited to business premises at or in the vicinity of the following street addresses:  123 E. Baseline Road, Suites D-208, D-207, D-206, and D-204, Tempe, Arizona 85283; and 209 E. Baseline Road, Suite E-201, Tempe, Arizona 85283.  The purpose of the access shall be to effect service and to inspect and copy materials relevant to this action.  The Commission shall have the right to remove documents from Defendants' premises in order that they may be inspected, inventoried, and copied.  The Commission shall return any removed documents within 5 business days, or such time-period that is agreed upon by the Commission and Defendants.   Defendants, to the extent they are in possession of documents and electronically stored information relevant to this action, shall provide the Commission with the means necessary to access these documents and electronically stored information, including without limitation keys and combinations to locks, computer passwords and access codes,  and storage area access information;

C.      The Temporary Receiver shall subsequently allow the Commission's representatives and Defendants and their representatives reasonable access to the business premises of Receivership Defendants.  The purpose of this access shall be to inspect and copy any and all books, records, accounts, electronically stored information, and other property owned by or in the possession of Receivership Defendants.  The Temporary Receiver shall have the discretion to determine the time and manner of this access; and

D.      If, at the time of service of this Order, any records, electronically stored information, or property relating to Receivership Defendants, or to any Defendant's assets are located in the personal residence of any Individual Defendant, or in any other non-business location under the personal control of any Individual Defendant, then such Defendant(s) shall, within 48 hours of service of this Order, produce to the Commission, at a location designated by the Commission, the following:

1.      all contracts, accounting data, written or electronic correspondence, advertisements, computer tapes, discs, electronically stored information, or other computerized or electronic records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, telephone bills, receipt books, ledgers, customer records and lists, refund records, receipts, ledgers, bank records  (including personal and business monthly statements, canceled checks, records of wire transfers, and check registers), appointment  books, copies of federal, state, and local business or personal income or property tax returns, 1099 forms, title records, and other documents or records of any kind related to Defendants' business and assets; and

2.      all computers, electronically stored information, and data in whatever form, used by Defendants, in whole or in part, relating to Defendants' business and assets.

**RECEIVERSHIP**

**XV.   APPOINTMENT OF TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that Thomas W. McNamara is appointed

Temporary Receiver for Receivership Defendants, as well as for any successors, assigns,

affiliates, and subsidiaries that conduct any business related to Defendants' credit card

interest rate reduction services, and that the Temporary Receiver has reason to believe is

owned or controlled in whole or in part by any of the Receivership Defendants, with the

full power of an equity receiver.  The Temporary Receiver shall be the agent of this Court

and solely the agent of this Court in acting as Temporary Receiver under this Order.  The

Temporary Receiver shall be accountable directly to this Court.  The Temporary Receiver

shall comply with all Local Rules of this Court governing receivers.

**XVI.  RECEIVERSHIP DUTIES**

**IT IS FURTHER ORDERED** that the Temporary Receiver is directed and

authorized to perform and accomplish the following:

A.      Assume full control of Receivership Defendants by removing Defendants

Chris Ambrosia and LeRoy Castine, and any other officer, manager, independent

contractor, employee, or agent of Receivership Defendants from control and management

of the affairs of Receivership Defendants;

B.      Collect, marshal, and take custody, control and possession of all the funds,

property, premises, accounts, mail, and other assets of, or in the possession or under the

control of Receivership Defendants, wherever situated, the income and profits, and all

sums of money now or hereafter due or owing to Receivership Defendants with full

power to:  collect, receive, and take possession of all goods, chattels, rights, credits,

monies, effects, lands, leases, books and records, work papers, records of accounts,

including computer-maintained information and electronically stored information,

contracts, financial records, monies on hand in banks and other financial institutions, and

other papers and documents of Receivership Defendants and other individuals or

corporations whose interests are now held by or under the direction, possession, custody or control of the Receivership Defendants;

C.   Collect, marshal, and take custody, control, and possession of all electronically stored information maintained or stored on any Smartphones, flash drives, telephones, PDAs, desktop personal computers and workstations, laptops, notebooks, and other portable computers, or other electronic storage media, whether personal or business, for the purposes of the Temporary Receiver to determine whether the device contains electronically stored information relating to Receivership Defendants' business practices. The Temporary Receiver shall make available for copying and imaging by Plaintiff and Defendants all business-related electronically stored information maintained or stored on the devices;

D.   Perform all acts necessary to conserve, hold, manage, and preserve the value of those assets in order to prevent any irreparable loss, damage and injury to business venture purchasers, and all acts incidental thereto, including the suspension of operations;

E.   Perform all acts necessary to ensure that Receivership Defendants are in compliance with the provisions of this Order, including ceasing all advertising, marketing, offering, or providing credit card interest rate reduction services, or assisting others in doing the same, that contain any false or misleading statements of material fact or that fails to disclose all information material to a consumer's decision to seek the services of Defendants;

F.   Make best efforts to notify Receivership Defendants' customers about this Order, the efforts can include posting this Order on Receivership Defendants' websites;

G.   Enter into agreements in connection with administration of the receivership, including, but not limited to:

1.   the retention and employment of investigators, attorneys, or accountants of the Temporary Receiver's choice, including, without

limitation, members and employees of the Temporary Receiver's firm, to assist, advise, and represent the Temporary Receiver; and

2.      the movement and storage of any equipment, furniture, records, files, or other physical property of Receivership Defendants; and

H.      Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Temporary Receiver deems necessary and advisable to preserve the value of the properties of Receivership Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order, and likewise to defend, compromise or adjust or otherwise dispose of any or all actions or proceedings instituted against the Temporary Receiver or Receivership Defendants that the Temporary Receiver deems necessary and advisable to preserve the properties of Receivership Defendants or that the Temporary Receiver deems necessary and advisable to carry out the Temporary Receiver's mandate under this Order.

## XVII. TEMPORARY RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Temporary Receiver shall file with the Clerk of this Court a bond in the sum of $50,000.00, with sureties to be approved by the Court, conditioned that the Temporary Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XVIII. COOPERATION WITH THE TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Defendants, their members, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or indirectly:

A.      Shall fully cooperate with and assist the Temporary Receiver. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising

the authority and discharging the responsibilities of the Temporary Receiver under this Order; providing any password required to access any computer, electronically stored information, or electronic files in any medium; or advising all persons who owe money to Receivership Defendants that all debts should be paid directly to the Temporary Receiver; and

      B.    Are temporarily restrained and enjoined from directly or indirectly:

          1.    transacting any of the business of Receivership Defendants, or transacting business under the name of Receivership Defendants, or any substantially similar name;

          2.    destroying, concealing, defacing, transferring, or otherwise altering or disposing of any documents of Receivership Defendants, including, but not limited to, books, records, accounts, documents, electronically stored information, or any other papers of any kind or nature;

          3.    transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, Receivership Defendants or the Temporary Receiver;

          4.    excusing debts owed to Receivership Defendants;

          5.    failing to notify the Temporary Receiver of any asset, including accounts, of any Receivership Defendant held in any name other than the name of any Receivership Defendant, or by any person or entity other than Receivership Defendants, or failing to provide any assistance or information requested by the Temporary Receiver in connection with obtaining possession, custody, or control of such assets; or

          6.    doing any act or refraining from any act whatsoever to interfere with the Temporary Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or

interfere with the Temporary Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Receivership Defendants; or to refuse to cooperate with the Temporary Receiver or the Temporary Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XIX.  DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.      Immediately upon service of this Order upon them, or within a period permitted by the Temporary Receiver, Defendants and all other persons in possession, custody, and control of assets or documents of Receivership Defendants shall transfer or deliver possession, custody, and control of the following to the Temporary Receiver:

1.      all assets of Receivership Defendants;

2.      all documents of Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents, electronically stored information, and other papers; and

3.      all assets belonging to members of the public now held by Receivership Defendants.

B.      In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Paragraph, the Temporary Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Temporary Receiver.  The writs shall authorize and direct the United States Marshal or

any sheriff or deputy sheriff of any county to seize the asset, document, or other thing and to deliver it to the Temporary Receiver.

## XX.   TEMPORARY RECEIVER'S REPORTS

**IT IS FURTHER ORDERED** that the Temporary Receiver shall report to this Court on or before the date set for the hearing to Show Cause regarding the Preliminary Injunction regarding:  (1) the steps taken by the Temporary Receiver to implement the terms of this Order; (2) the value of all liquidated and unliquidated assets of Receivership Defendants; (3) the sum of all liabilities of Receivership Defendants; (4) the steps the Temporary Receiver intends to take in the future to:  (a) prevent any diminution in the value of assets of Receivership Defendants; (b) pursue receivership assets from third parties; and (c) adjust the liabilities of Receivership Defendants, if appropriate; and (5) any other matters that the Temporary Receiver believes should be brought to the Court's attention.  Provided, however, if any of the required information would hinder the Temporary Receiver's ability to pursue receivership assets, the portions of the Temporary Receiver's report containing the information may be filed under seal and not served on the parties.

## XXI.  BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that:

A.      In light of the asset freeze and appointment of the Temporary Receiver, Defendants are prohibited from filing, or causing to be filed, on behalf of any Receivership Defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

B.      In light of the asset freeze, Individual Defendants must give 21 days' notice to the Commission prior to filing, or causing to be filed, on behalf of any Individual Defendant, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

**XXII. TRANSFER OF FUNDS TO THE TEMPORARY RECEIVER**

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including producing records related to the assets of Receivership Defendants.

**XXIII. STAY OF ACTIONS**

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the receivership, Defendants and all other persons and entities (except for the Commission) are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of:  (a) Receivership Defendants, or (b) any of assets of Receivership Defendants, or (c) the Temporary Receiver or the Temporary Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that the actions may be filed to toll any applicable statute of limitations;

2.    accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.    executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; and

4.      doing any act or thing whatsoever to interfere with the Temporary Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Temporary Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of Receivership Defendants.

B.      Subparagraph A of this Paragraph does not stay:

1.      the commencement or continuation of a criminal action or proceeding;

2.      the commencement or continuation of an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power;

3.      the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce the governmental unit's police or regulatory power; or

4.      the issuance to Receivership Defendants of a notice of tax deficiency.

C.      Except as otherwise provided in this Order, all persons and entities who need documentation from the Temporary Receiver shall in all instances first attempt to secure the information by submitting a formal written request to the Temporary Receiver, and, if the request has not been responded to within 30 days of receipt by the Temporary Receiver, any person or entity may thereafter seek an order of this Court with regard to the relief requested.

## XXIV. COMPENSATION OF TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that the Temporary Receiver and personnel hired by the Temporary Receiver to perform the duties under this Order, are entitled to a reasonable compensation for the performance of duties under this Order, and for the cost

of actual out-of-pocket expenses incurred by them, from Defendants' assets.  To obtain payment, the Temporary Receiver shall file with the Court and serve on the parties periodic requests for the payment of reasonable compensation, with the first request filed no more than 60 days after the date of this Order.  The Temporary Receiver shall not increase the hourly rates used as the bases for the fee applications without prior approval of the Court.

**XXV. TEMPORARY RECEIVER'S ACCESS TO PREMISES AND RECORDS**

**IT IS FURTHER ORDERED** that:

A.     The Temporary Receiver, and its respective representatives, agents, contractors, or assistants, are permitted, and Defendants shall allow, immediate access to any business premises and storage facilities of Receivership Defendants.  These locations include, but are not limited to, the offices and facilities of Receivership Defendants at or in the vicinity of:  123 E. Baseline Road, Suites D-208, D-207, D-206, and D-204, Tempe, Arizona 85283; and 209 E. Baseline Road, Suite E-201, Tempe, Arizona 85283.

B.     The Temporary Receiver is authorized to employ the assistance of law enforcement officers, including but not limited to the Tempe Police Department, to effect service, to implement peacefully the provisions of this Order, and to keep the peace.  The Temporary Receiver may exclude Defendants and their agents and employees from the business premises and facilities.

C.     Defendants and all agents or employees of Defendants shall provide the Temporary Receiver with any necessary means of access to documents, including, without limitation, the locations of Receivership Defendants' business premises, keys and combinations to business premises locks, computer access codes of all computers used to conduct Receivership Defendants' business, and storage area access information.

D.     The Temporary Receiver is authorized to copy any documents related to Defendants' business practices, including by forensic imaging of electronically stored information.  The Temporary Receiver is authorized to remove any documents related to

Defendants' business practices from the premises in order that they may be inspected, inventoried, and copied.  The materials removed shall be returned within 5 business days of completing inventory and copying.

## NOTIFICATION AND MONITORING PROVISIONS

## XXVI. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, employee, agent, servant, attorney, subsidiary, division, and representative of any of the Defendants, and shall, within 3 days from the date of entry of this Order, provide the Commission with a sworn statement that Defendants have complied with this provision of the Order, this statement shall include the names and addresses of each person or entity who received a copy of this Order.

## XXVII. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order.  Under Fed. R. Civ. P. 4(c)(2), this Order and the initial papers filed in this matter may be served on Defendants, upon the business premises of Defendants, and upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any of the Defendants, or that may be subject to any provision of this Order, by employees of the Commission, by employees of any other law enforcement agency, by any agent of the Commission, or by any agent of any process service retained by the Commission.

## XXVIII. MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the Commission may contact Defendants or their agents or representatives directly and anonymously for

1   the purpose of monitoring compliance with this Order, and may record any oral

2   communications that occur in the course of the contacts.

3   **PRELIMINARY INJUNCTION PROCEEDINGS**

4   **XXIX. ORDER TO SHOW CAUSE**

5   **IT IS FURTHER ORDERED** that, under Fed. R. Civ. P. 65(b), Defendants

6   Ambrosia Web Design LLC, d/b/a AWD; Concord Financial Advisors LLC; CAM

7   Services Direct LLC; AFB LLC; Western GPS LLC; Chris Ambrosia; and LeRoy

8   Castine shall appear before this Court, located at United States District Court for the

9   District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street,

10  Courtroom 506, Phoenix, Arizona 85003-2118, on the 31st day of October, 2012, at 3:00

11  p.m. MST, to show cause why this Court should not enter a preliminary injunction,

12  pending final ruling on the Complaint, against Defendants enjoining them from violations

13  of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the TSR, 16 C.F.R. Part 310, and

14  imposing additional relief as may be appropriate, and appointing a permanent receiver

15  over Defendants Ambrosia Web Design LLC, d/b/a AWD; Concord Financial Advisors

16  LLC; CAM Services Direct LLC; AFB LLC; and Western GPS LLC.

17  **IT IS FURTHER ORDERED** that, in support of its application for a preliminary

18  injunction, the Commission may submit supplemental evidence discovered subsequent to

19  the filing of its application for a TRO, as well as a supplemental memorandum.  The

20  Commission shall file and serve any supplemental evidence and memorandum by no later

21  than 4:30 p.m. MST on the third court day prior to the preliminary injunction hearing as

22  scheduled above.  The documents may be served on each Defendant by email, or fax, or

23  by delivering the document(s) to the attorney(s) for Defendants, or, if Defendants are not

24  represented by counsel, to a fax number or email address previously designated by

25  Defendants in writing to counsel for the Commission; if Defendants have not so

26  designated a fax number or email address, service may be effected by mailing the

27  documents to an address designated in writing by Defendants to counsel for the

28

Commission; if no address has been so designated, service shall be complete upon filing of the documents with this Court.

**IT IS FURTHER ORDERED** that Defendants shall file and serve any opposition to the issuance of a preliminary injunction and the appointment of a permanent receiver over Receivership Defendants, including any declarations, exhibits, memoranda or other evidence upon which they intend to rely, and objections to any evidence submitted by the Commission, by no later than 4:30 p.m. MST of the third court day prior to the hearing on the preliminary injunction. These documents shall be served by email or fax upon the Commission's counsel.

**IT IS FURTHER ORDERED** that the Commission shall file and serve any reply to Defendants' opposition by no later than the second court day prior to the preliminary injunction hearing.

## XXX. PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that there will be no direct examination of witnesses at the preliminary injunction hearing in this matter. Direct testimony shall be presented in the form of declarations or affidavits. The Court in ruling on whether a preliminary injunction shall issue will consider oral argument by counsel and declarations or affidavits that have been served and filed in a timely manner prior to the preliminary injunction hearing without further need of any party moving the documents into evidence.

## XXXI. SERVICE OF PLEADINGS

**IT IS FURTHER ORDERED** that the parties shall serve upon the opposing party and this Court and file all memoranda, affidavits, and other evidence upon which they intend to rely at the preliminary injunction hearing set in this matter not later than 4:00 p.m. MST of the second day prior to the hearing date. Service on the Commission shall be performed by delivery to:

Jason C. Moon
Federal Trade Commission
Southwest Region
1999 Bryan Street, Suite 2150
Dallas, Texas 75201-6808
Fax: (214) 953-3079
E-mail: jmoon@ftc.gov

**XXXII. EXPEDITED ASSET DISCOVERY**

**IT IS FURTHER ORDERED** that, in anticipation of the preliminary injunction hearing set herein, the Commission is granted leave to conduct expedited discovery regarding Defendants' assets.  The Commission may depose any witness about Defendants' assets at any time after the date of this Order upon 3 business days' notice. Defendants shall respond to any asset-related interrogatories, requests for admissions, or requests for production of documents within 3 business days after service of the discovery request.  Any discovery taken or propounded by the Commission under this Paragraph is in addition to, and not subject to, any limits on the quantity of permissible discovery provided for in the Federal Rules of Civil Procedure or the rules of this Court. Any limitations and conditions set forth in the Federal Rules of Civil Procedure or the rules of this Court regarding subsequent depositions of an individual shall not apply to depositions taken under this Paragraph.

**XXXIII. DURATION OF TEMPORARY RESTRAINING ORDER**

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire on the 5th day of November, 2012, at 3:00 p.m. MST, unless before such time, the Order is extended for good cause shown, or by consent of the parties.

**XXXIV. ACKNOWLEDGMENT OF RECEIPT OF TRO**

**IT IS FURTHER ORDERED** that each Defendant, within 5 business days of receipt of this Temporary Restraining Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of the Temporary Restraining Order.

## XXXV. RETENTION OF JURISDICTION

**IT IS FINALLY ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

Dated this 22nd day of October, 2012.

_____
James A. Teilborg
United States District Judge

Copies to Only: Counsel for Plaintiff