**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Federal Trade Commission, | ) | No. CV 12-02248-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Ambrosia Web Design LLC et al, | ) | |
| Defendant. | ) | |

We held a show cause hearing on October 31, 2012, on plaintiff's motion for preliminary injunction, and extended the TRO until further order of the court. (Doc. 29). We gave defendants an opportunity to respond and plaintiff an opportunity to reply.

We now have before us defendants' Response (doc. 37), plaintiff's Reply (doc. 43), and the Receiver's Reply (doc. 44). We also had the benefit of the Receiver's Preliminary Report (doc. 25).

A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and, (4) an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.,* 129 S. Ct. 365, 374 (2008).

The court has already granted the TRO, assets have been frozen and a receiver appointed. The defendants' Response focuses on asset seizure, but we find the admissions

1 made in the Response and the description of the defendants' business activities support the
2 granting of injunctive relief. This is telemarketing fraud. The defendants sell nothing of
3 serious value (credit card interest rate reduction) to stressed consumers. They just perpetuate
4 and delay the inevitable through a convoluted scheme.

5 We find that plaintiff is likely to succeed on the merits. The evidence favors plaintiff
6 and much of it is admitted, although defendants attempt to explain it. The members of the
7 public who would be drawn into defendants' scheme are likely to suffer irreparable harm
8 because they receive nothing of lasting value and are already likely to be distressed
9 consumers. The equities favor the FTC. The defendants' business, even under defendants'
10 own description, is at the margins of propriety and social utility. Finally, the public interest
11 is served when a public regulator makes an effort to protect those on whose behalf the statute
12 is designed to protect.

13 Accordingly, it is ORDERED GRANTING plaintiff's motion for preliminary
14 injunctive relief. Plaintiff shall lodge with the court an updated proposed form of preliminary
15 injunction, consistent both with the TRO and this order by February 15, 2013. The defendant
16 may stipulate to the form. Otherwise defendant shall have 10 days after the lodging of the
17 proposed form of preliminary injunction to file objections to the form. This order constitutes
18 the court's findings and conclusions under Rule 52(a)(2), Fed. R. Civ. P.
19 DATED this 6th day of February, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge