**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Federal Trade Commission, | No. CV 12-02248-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Ambrosia Web Design LLC, et al., | |
| Defendants | |

Before the court is Matthews Real Estate, LLC's motion to intervene as of right (doc. 46), the Federal Trade Commission's ("FTC") response (doc. 65), and Matthews' reply (doc. 72).

Matthews Real Estate owns a commercial and retail office complex known as Mill Towne Center and leases 4 office suites to defendant LeRoy Castine for a total monthly rent of $6,655.72 ("Leased Property"). On October 22, 2012, we entered a temporary restraining order enjoining defendants, including Castine, from committing violations of the FTC Act, and appointing a Temporary Receiver to take control of defendants' assets and operations. The Leased Property was part of this asset freeze. Castine has paid no rent on the Leased Property since September 2012.

Matthews now moves to intervene in this action in order to "seek payment of rents due and owing during possession of the Lease Property by the Receiver, and to request deadlines

1  by which the Receiver must decide whether to terminate the respective Leases, and if so, to
2  request reasonable deadlines for the Receiver to vacate the Lease Property." Motion at 4.

3  A party seeking to intervene as a matter of right must show (1) that it "claims an
4  interest relating to the property or transaction that is the subject of the action," (2) that it is
5  "so situated that disposing of the action may as a practical matter impair or impede the
6  movant's ability to protect its interest," and (3) its interest will not be adequately represented
7  by existing parties absent intervention. Fed. R. Civ. P. 24(a)(2).

8  The FTC first asserts that Matthews possessory interest in the Leased Property "will
9  soon be moot," Response at 5, because the Temporary Receiver has indicated that it intends
10 to surrender the premises and liquidate the receivership property. Until that happens,
11 however, Matthews' interest is not moot. Because the imposition of the receivership directly
12 impairs Matthews' ability to control or possess the Leased Property, we grant its motion to
13 intervene with respect to its possessory interest in the property. We decline, however, to
14 extend Matthews' intervention to collection of past due rents.

15 The requirement that the intervenor's interest must "relat[e] to the property or
16 transaction that is the subject of the action," generally requires that "there is a relationship
17 between the legally protected interest and the [plaintiff's] claims at issue." Arakaki v.
18 Cayetano, 324 F.3d 1078, 1084 (9th Cir. 2003). The "relationship" requirement is satisfied
19 "only if the resolution of the plaintiff's claims actually will affect the applicant." Id.

20 Matthews' claim for rental payments is not related to the claims at issue in this action.
21 This is an enforcement action for violations of the FTC Act. The resolution of the FTC Act
22 claims will not affect Matthews' right to collect rent under the Leases. "[T]he impaired
23 ability to collect judgments that may arise from future claims does not give rise to a right of
24 intervention." United States v. Alisal Water Corp., 370 F.3d 915, 920 (9th Cir. 2004). "To
25 hold otherwise would create an open invitation for virtually any creditor of a defendant to
26 intervene in a lawsuit where damages might be awarded." Id. We conclude that Matthews
27 is not entitled to intervene in order to collect past-due rents.

28 **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** Matthews'

1  motion to intervene (doc. 46).
2      Matthews is granted leave to intervene solely with respect to its right to physical
3  occupancy or possession of the Leased Property. It will not be permitted to intervene in
4  order to collect past-due rents.
5      The Receiver shall file a notice with the court within 10 days of the entry of this order
6  detailing the date of its expected vacancy of the Leased Property.
7      Nothing in this order shall be construed as giving the Receiver any greater rights with
8  respect to the Leased Property than that of the original lessee.
9      DATED this 5th day of March, 2013.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge