Thomas W. McNamara
mcnamarat@ballardspahr.com
655 West Broadway, Suite 1600
San Diego, California 92101-8494
Telephone: 619-696-9200
Facsimile: 619-696-9269

*Receiver*

Andrew W. Robertson (*Pro Hac Vice*)
robertsona@ballardspahr.com
Daniel M. Benjamin (*Pro Hac Vice*)
benjamind@ballardspahr.com
**BALLARD SPAHR LLP**
655 West Broadway, Suite 1600
San Diego, California 92101-8494
Telephone: 619-696-9200
Facsimile: 619-696-9269

Colleen M. Reider (027260)
reiderc@ballardspahr.com
**BALLARD SPAHR LLP**
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602-798-5400
Facsimile: 602-798-5595

*Attorneys for Receiver*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMBROSIA WEB DESIGN LLC, et al., <br><br> Defendants. | CASE NO. CV-12-2248-PHX-FJM <br><br> **INTERIM REPORT OF RECEIVER RE: APPARENT ASSET FREEZE VIOLATION BY THIRD PARTIES** <br><br> JUDGE: Hon. Frederick J. Martone <br> CTRM: 506 |

**INTERIM REPORT OF RECEIVER RE: APPARENT ASSET FREEZE VIOLATION BY THIRD PARTIES**

By this Interim Report, the Receiver reports to the Court an apparent and substantial violation of the Court's asset freeze by one or more third parties, and the Receiver's intent to engage in further proceedings to pursue this matter. The Receiver has learned that Trust One, a credit and debit card processor for Defendant Western GPS, LLC, ("Western GPS"), has apparently dissipated more than $740,000 of Western GPS funds held in a reserve account in order to fund consumer chargebacks post-asset freeze. It is the Receiver's position that those reserve account funds are the property of the receivership, that their disbursal post-freeze is a violation of the asset freeze, and that Trust One must now deliver those funds to the receivership.

As background, on October 22, 2012, the Plaintiff Federal Trade Commission (the "Commission") initiated the present lawsuit against the above-captioned defendants, filing an *ex-parte* request for the appointment of a receiver, and temporary restraining order. [*See* Docket Entry No. ("DE") 4.] In their Complaint, the Commission alleged that the defendants engaged in unfair and deceptive acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and 16 C.F.R. Part 310. [*Id.*] The Court granted that request on the same day. [DE 13.] In granting the requested relief, the Court issued its Temporary Restraining Order, which contained an asset freeze provision. [*Id.* at § V.]

On October 24, 2012, the Receiver's counsel gave notice of the appointment of the Receiver, Temporary Restraining Order, and asset freeze to Trust One. Shortly thereafter, the Receiver was notified that the following Trust One accounts and funds were identified:

| Account Holder | Account No. Ending | Amount Frozen |
|---|---|---|
| Western GPS LLC | 2429 | $758,352.82 |
| Western GPS LLC | 3156 | $75,258.27 |

[*See* Preliminary Report of Temporary Receiver, DE 25.]

On October 25, 2012, the Receiver's counsel sent a second notice to Trust One, specifically requesting that it immediately freeze the above-referenced accounts, and

asking that Trust One provide basic account and balance information of these accounts. This letter was followed up with another letter on November 13, 2012. In that letter, the Receiver's counsel reiterated the importance of the asset freeze to Trust One, stating that all funds in these account were the property of the receivership and were subject to the asset freeze. Since these accounts had to be frozen, the Receiver's letter to Trust One made it clear that Trust One could not use any of the reserves in these accounts to fund consumer chargebacks or for any other purpose.

On March 8, 2013, the Court confirmed the appointment of the Receiver as permanent, and continued the asset freeze (the "Preliminary Injunction"). [DE 78.] The Preliminary Injunction reiterated the asset freeze. [*Id.* at § V (emphasis added).] The Preliminary Injunction also directed the Receiver to consolidate all assets belonging to the defendants. [*Id.* at § XVI(B).]

On March 15, 2013, the Receiver's counsel made demand upon Global Payments (the back-end payment processor for Trust One) to immediately transfer to the Receiver all funds in the above-referenced accounts. Global Payments forwarded that request to Trust One. But it then notified the Receiver's office that, unbeknownst to the Receiver, Trust One had applied chargebacks to these accounts during the past few months, and therefore the accounts no longer contained the original amounts frozen. In particular, it informed the Receiver that Trust One's acts caused the frozen accounts to be dissipated by more than $740,000, leaving $93,510.26 remaining in the accounts.

Consequently, the Receiver's counsel sent another letter to Trust One, reiterating that Trust One was not permitted to apply chargebacks to the frozen reserve accounts, and that Trust One was required to transfer the entire frozen amounts of $758,352.82 and $75,258.27 to the Receiver. Notwithstanding this directive, Trust One emailed the Receiver's counsel again informing the Receiver that it only intended to remit $93,510.26 to the Receiver. It then subsequently secured counsel and has taken the positions that no amounts are due, and has further claimed that Global Payment, not it, controlled the funds.
///

1  Given these events, the Receiver intends to pursue the recovery of the over
2 $740,000 that he believes was released from the accounts improperly and in violation of
3 the Court's Orders. The Receiver therefore will be joining in appropriate discovery efforts
4 with regard to the depletion of the funds at issue by Trust One and/or Global Payment.
5 Once such discovery is complete, if the matter cannot be resolved voluntarily, the Receiver
6 will apply for relief from the Court as appropriate.

7  Dated: April 29, 2013                THOMAS W. MCNAMARA

8
9                                        By:  /S/ Thomas W. McNamara
                                              Thomas W. McNamara
                                              Receiver

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2013, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants (*see below*).

Emily B. Robinson
Jason C. Moon
Thomas B. Carter
Anne Dorman LeJeune
Federal Trade Commission
1999 Bryan Street, Suite 2150
Dallas, TX 75201
Tel.:   214-979-9386 (Robinson)
erobinson@ftc.gov
Tel.:   214-979-9378 (Moon)
jmoon@ftc.gov
Tel.:   214-979-9372 (Carter)
tcarter@ftc.gov
Tel.:   214-979-9371 (LeJeune)
alejeune@ftc.gov
Fax:   214-953-3079
*Attorneys for Plaintiff*

Brian J. Foster
Snell & Wilmer LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, AZ 85004-2202
Tel.: 602-382-6000
Fax:   602-382-6070
bfoster@swlaw.com

Katherine Vail Foss
Snell & Wilmer LLP
1 S. Church Ave., Suite 1500
Tucson, AZ 85701-1630
Tel.:   520-882-1200
Fax:   520-882-1200
kfoss@swlaw.com
*Attorneys for Defendants Leroy Castine, Chris Ambrosia, Ambrosia Web Design LLC, Concord Financial Advisors LLC, CAM Services Direct LLC, AFB LLC and Western GPS LLC*

Kirsten Copeland
Copeland Law Offices
20280 North 59th Avenue, Suite 115
Glendale, AZ 85308
Tel.:   623-251-4000
Fax:   623-218-9074
Kirsten.Copeland@cox.net
*Attorney for Matthews (Mill Towne Center) Real Estate, LLC*

_____
JILL JACOBS