# TABLE OF CONTENTS
# FOR APPENDIX

| | |
|---|---|
| **APP 1-2** | October 24, 2012 FTC fax cover and confirmation re: service of TRO on Global Payments. |
| **APP 3-4** | Global 10/29 fax from Global Payments to Emily Robinson (FTC) |
| **APP 5-6** | Global 10/29 fax from Global Payments to Andrew Robertson of Ballard Spahr (counsel for Receiver) |
| **APP 7-9** | 10/24/12 Ballard Spahr (counsel for Receiver) letter to Trust One |
| **APP 10-12** | October 25, 2012 Ballard Spahr (counsel for Receiver) letter to Trust One |
| **APP 13-23** | 10/30 email from Dave Whitley of Trust One to Jill Jacobs of Ballard Spahr (counsel for Receiver) |
| **APP 24** | November 13, 2012 Ballard Spahr (counsel for Receiver) letter to Global |
| **APP 25** | November 13, 2012 Ballard Spahr (counsel for Receiver) letter to Trust One |
| **APP 26-27** | March 15, 2013 Ballard Spahr (counsel for Receiver) letter to Global |
| **APP 28-29** | October 24, 2012 Ballard Spahr (counsel for Receiver) letter to Global |
| **APP 30-37** | Trust One email exchanges with Receiver's Counsel attaching 3/21/13 Ballard Spahr letter to Trust One |
| **APP 38-51** | April 10, 2013 Jennings Strouss (counsel for Trust One) letter to counsel for Receiver |
| **APP 52-60** | Trust One Merchant Agreement |
| **APP 61-77** | Global Merchant Agreement |
| **APP 78-125** | Declaration of Lisa T. Wilhelm (Plaintiff's Expert) with Attachments A-C |

|  |  |
|---|---|
| **APP 126-129** | November 8, 2011 Email from David Whitley of Trust One to Raul Orue, forwarding email message from Jim Stavig, the Fraud Policy Director for Citi Cards regarding the Ambrosia Web Design merchant account |
| **APP 130-134** | November 17, 2011 email from David Whitley of Trust One to James Stavig at Citibank re: Trust One closing Ambrosia Web Design merchant account |
| **APP 135** | November 29, 2011 email from Kimberly Oechsner (aka Kimberly Garcia) email to Ben Amar<br>Email C |
| **APP 136** | November 29, 2011 email from Ben Amar to Kimberly Oechsner (aka Kimberly Garcia) re: From Lee Castine at AFB LLC<br>Email D |
| **APP 137** | November 29, 2011 email from Ben Amar to Kimberly Oechsner (aka Kimberly Garcia) re: From: Lee Castine at AFB LLC<br>Email E |
| **APP 138-139** | Email F, January 30, 2012 email from Ben Amar to *lee@afbllconline.com*   (Defendant Lee Castine) |
| **APP 140-143** | WM&T-Trust One Merchant Application |
| **APP 144-145** | February 6, 2012 email from Mr. Amar to *lee@afbllconline.com* (Defendant Lee Castine) re: W&M website changes required |
| **APP 146-148** | Email March 19, 2012 - April 5, 2012 email exchange between Global Payments and Trust One re: Needed Merchant Closures for TOPS |
| **APP 149-150** | April 30, 2012 email from Ben Amar to Wayne Norris and forwarded by Wayne Norris to Defendant Lee Castine, re: Statements |
| **APP 151-153** | September 4-5, 2012 emails between David Whitley (Trust One), Ben Amar, and Defendant Lee Castine, re: Western GPS |
| **APP 154-155** | September 6, 2012 emails between David Whitley (Trust One) to John MacGee (Trust One), copying Ben Amar, re: Western GPS |
| **APP 156-159** | Ambrosia Web Design-Trust One Merchant Agreement |

| **APP 160-162** | Third Declaration of Brent McPeek |

10/24/2012 12:50 FAX 2149533079          FTC-SWR                          ☑0001

```
                        **********************
                  ***     TX REPORT     ***
                        **********************

        TRANSMISSION OK

        TX/RX NO                 0145
        RECIPIENT ADDRESS        917708298265
        DESTINATION ID
        ST. TIME                 10/24 12:25
        TIME USE                 25'41
        PAGES SENT               35
        RESULT                   OK
```



United States of America
## FEDERAL TRADE COMMISSION
Southwest Region

1999 Bryan St., Ste. 2150
Dallas, Texas 75201
(214) 979-9350

| FACSIMILE COVER SHEET | |
|---|---|
| **TO:** | **Global Payments**<br>**Attn: Legal Department**<br>**Fax: (770) 829-8265** |
| **FROM:** | **Federal Trade Commission**<br>Southwest Region<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>Fax: (214) 953-3079 |
| **SUBJECT:** | **ASSET FREEZE PROCESS IMMEDIATELY**<br><br>*FTC v. Ambrosia Web Design, LLC, et al.*<br><br>Civil Action No.: CV-12-2248-PHX-FJM |

**APP. 1**



United States of America
FEDERAL TRADE COMMISSION
Southwest Region

1999 Bryan St., Ste. 2150
Dallas, Texas 75201
 (214) 979-9350

# FACSIMILE COVER SHEET

| TO: | **Global Payments**<br>**Attn: Legal Department**<br>**Fax: (770) 829-8265** |
|---|---|
| FROM: | **Federal Trade Commission**<br>Southwest Region<br>1999 Bryan Street, Suite 2150<br>Dallas, Texas 75201<br>Fax: (214) 953-3079 |
| SUBJECT: | <u>**ASSET FREEZE PROCESS IMMEDIATELY**</u><br><br>*FTC v. Ambrosia Web Design, LLC, et al.*<br><br>Civil Action No.:  CV-12-2248-PHX-FJM |
| INSTRUCTIONS: | **PLEASE DELIVER UPON RECEIPT** |
| **Total Pages** (with coversheet):<br><br>35 | **Date:**<br><br>10-24-12 | **Time:**<br><br>11:53 AM |



**Legal Department**
10 Glenlake Parkway, North
Atlanta, GA 30328
Direct Dial:   (770) 829-8000
Fax:            (770) 829-8265

**SERVICES**

Direct Merchant Acquiring
Credit / Debit Cards
Terminal Management Services
Check Services
Emerging Payments
Business-to-Business Payments
Indirect Merchant Acquiring
End-to-End Services
Funds Transfer Services

# *Facsimile*

To: *Emily B. Robinson*        From: *Leslie De Lara Luck*

Fax#: *(214) 953 - 3079*        Total # of pages (including coversheet): *2*

CC:                                         Date: *10/29/12*

Re: *TRO - FTC v. Ambrosia Web Design LLC et al.*

☐ Urgent        ☐ For Review        ☐ Please Comment        ☐ Please Reply

Confidentiality Notice:  The information contained in this facsimile is legally privileged and confidential.  It is intended only for the individual named as the recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of this message and its contents is strictly prohibited.  If you have received this communication in error, please do not disclose the information to any other person.  Please notify the sender immediately at the telephone number below.  Thank you.

10 Glenlake Parkway, North Tower | Atlanta, Georgia 30328 | T 770-829-8251 | F 770-829-8265 | www.globalpaymentsinc.com

Federal Trade Commission
Southwest Region
1999 Bryan St., Ste. 2150
Dallas, Texas 75201

      RE:    Ex Parte Temporary Restraining Order ("Order") issued in *FTC v. Ambrosia Web Design LLC, et. al.*; Case No. 12-2248-PHX-JAT

Dear Ms. Robinson:

In response to Section VI.C. of the Order issued in the referenced matter, Global Payments Direct, Inc. states as follows:

| Merchant Acct. No. | Merchant Name | Reserve Balance |
|---|---|---|
| ███████ 8962 | Cam Services Direct LLC | $112,479.45 |
| ███████ 9917 | Lee Castine d/b/a Western GPS LLC | $26,169.56 |
| ████████████████████████████ | | |
| ███████ 2429 | Western GPS LLC | $758,352.82 |
| ███████ 3156 | Western GPS LLC | $75,258.27 |
| ████████████████████████████ | | |
| ███████ 1538 | Ambrosia Website Design | $0 |

I can be reached at (770) 829-8258 if you have any questions regarding the above or require additional information.

Sincerely,

*Leslie*

Leslie De Lara Luck
Division General Counsel

LDL: ldl
cc: Andrew W. Robertson, counsel for Receiver - via fax (619) 696-9269

**APP. 4**



**Legal Department**
10 Glenlake Parkway, North
Atlanta, GA 30328
Direct Dial:   (770) 829-8000
Fax:              (770) 829-8265

**SERVICES**

Direct Merchant Acquiring
Credit / Debit Cards
Terminal Management Services
Check Services
Emerging Payments
Business-to-Business Payments
Indirect Merchant Acquiring
End-to-End Services
Funds Transfer Services

# *Facsimile*

To: *Andrew W. Robertson*     From: *Leslie De Lara Luck*

Fax#: *(619) 696-9269*     Total # of pages (including coversheet): *2*

CC:     Date: *10/29/12*

Re: *TRO- FTC v. Ambrosia Web Design LLC*

☐ Urgent          ☐ For Review          ☐ Please Comment          ☐ Please Reply

Confidentiality Notice:  The information contained in this facsimile is legally privileged and confidential.  It is intended only for the individual named as the recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, copying, or other use of this message and its contents is strictly prohibited.  If you have received this communication in error, please do not disclose the information to any other person.  Please notify the sender immediately at the telephone number below.  Thank you.

10 Glenlake Parkway, North Tower | Atlanta, Georgia 30328 | T 770-829-8251 | F 770-829-8265 | www.globalpaymentsinc.com

 **globalpayments**

October 29 2012

VIA FACSIMILE (214) 953-3079

Emily B. Robinson
Federal Trade Commission
Southwest Region
1999 Bryan St., Ste. 2150
Dallas, Texas 75201

RE:  Ex Parte Temporary Restraining Order ("Order") issued in *FTC v. Ambrosia Web Design LLC, et. al.*; Case No. 12-2248-PHX-JAT

Dear Ms. Robinson:

In response to Section VI.C. of the Order issued in the referenced matter, Global Payments Direct, Inc. states as follows:

| Merchant Acct. No. | Merchant Name | Reserve Balance |
|---|---|---|
| ████8962 | Cam Services Direct LLC | $112,479.45 |
| ████9917 | Lee Castine d/b/a Western GPS LLC | $26,169.56 |
| ████████████████████ | | |
| ████2429 | Western GPS LLC | $758,352.82 |
| ████3156 | Western GPS LLC | $75,258.27 |
| ██████████████ | | |
| ████1538 | Ambrosia Website Design | $0 |

I can be reached at (770) 829-8258 if you have any questions regarding the above or require additional information.

Sincerely,

Leslie De Lara Luck
Division General Counsel

LDL: ldl
cc:  Andrew W. Robertson, counsel for Receiver - via fax (619) 696-9269

**APP. 6**

# Ballard Spahr
### LLP

————————————————
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

## FAX TRANSMISSION

DATE    October 24, 2012

| RECIPIENT | COMPANY | FAX | TEL |
|---|---|---|---|
| Legal Processing | Trust One Payment Services | 770-947-6004 | 770.947-6000 |

| SENDER | EMAIL | FAX | TEL |
|---|---|---|---|
| Andrew W. Robertson | robertsona@ballardspahr.com | 619.696.9269 | 619.487.0783 |

MATTER    00143936

TOTAL NO. OF PAGES, INCLUDING THIS PAGE    36

If you do not receive all pages, please call 619.696.9200.

MESSAGE

**ASSET FREEZE ORDER**
***Federal Trade Commission v. Ambrosia Web Design LLC, et al.***
**USDC Case No. CV-12-2248-PHX**

PLEASE NOTE
The information contained in this facsimile message is privileged and confidential and is intended only for the use of the individual or entity named above and others who have been specifically authorized to receive it.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the communication in error, or if any problems occur with transmission, please notify us immediately by telephone. Thank you.

DMWEST #9391004 v1

Atlanta  |  Baltimore  |  Bethesda  |  Denver  |  Las Vegas  |  Los Angeles  |  New Jersey  |  Philadelphia  |  Phoenix  |  Salt Lake City  |  San Diego
Washington, DC  |  Wilmington  |  www.ballardspahr.com

# Ballard Spahr
LLP

------------------------

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Andrew W. Robertson
Direct: 619.487.0783
Fax: 619.696.9269
robertsona@ballardspahr.com

October 24, 2012

*Via Facsimile (770-947-6004)*

Legal Processing
Trust One Payment Services
214 Maple Street
Villa Rica, GA 30180

Re:   *FTC v. Ambrosia Web Design LLC, et al.*
      U.S.D.C. (Arizona) Case No. CV-12-2248

Dear Sir/Madam:

On October 22, 2012, the United States District Court for the District of Arizona issued a Temporary
Restraining Order with an Asset Freeze and Appointment of Receiver ("Order"), freezing the assets
of the parties listed below ("Defendant" or collectively the "Defendants"). We are counsel to
Thomas W. McNamara who was appointed Temporary Receiver by the Order.

**The Order freezing Defendants' assets is attached hereto. This facsimile transmission puts you
on notice of the Court's Temporary Restraining Order, Asset Freeze and Appointment of
Temporary Receiver.**

The following Defendants are subject to the asset freeze:

1.   Ambrosia Web Design LLC, also d/b/a AWD;

2.   Concord Financial Advisors LLC;

3.   CAM Services Direct LLC;

4.   AFB LLC;

5.   Western GPS LLC (**Merchant Acct. #** ▓▓▓▓▓**2429**);

6.   Chris Ambrosia, individually and as a manager of Ambrosia Web Design
     LLC, AFB LLC, and CAM Services Direct LLC;

DMWEST #9392379 v1

**APP. 8**

Legal Processing
Trust One Payment Services
October 24, 2012
Page 2

7.    LeRoy Castine, a/k/a Lee Castine, individually and as a manager of
      Ambrosia Web Design LLC, Concord Financial Advisors LLC, AFB LLC,
      and Western GPS LLC; and

8.    any successors, assigns, affiliates, and subsidiaries that conduct any business
      related to Defendants' credit card interest rate reduction services, and that
      the Temporary Receiver has reason to believe is owned or controlled in
      whole or in part by any of the Receivership Defendants, with the full power
      of an equity receiver.

**Pursuant to the Order, immediately upon receipt, you must hold and retain within your
control, and prohibit the withdrawal, removal, or any other disposition of any of the assets
under your control.  You must also deny Defendants access to any safe deposit boxes.  For the
specific statement of the "Duties of Asset Holders" we refer you to Section VI pages 9-11 of
the Order.**

In our experience, it is not uncommon for defendants whose accounts have been ordered frozen to
attempt nonetheless to withdraw or transfer funds from their banks.  Receivership personnel have, in
fact, witnessed defendants in other cases enter a bank and attempt to make a withdrawal at the same
time the Receivership personnel were delivering the Order to the bank.  **Accordingly, we urge you
to process the asset freeze immediately.**

The Order also sets forth specific requirements to provide information about Defendants' accounts to
the Federal Trade Commission.  *See* Section VI(C) and (D) at pages 9-11.

We appreciate your cooperation.  If you have any questions, please call the Receiver's office at 619-
696-9200 and ask for Jill Jacobs.

Very truly yours,

Andrew W. Robertson

AWR:jej
Enclosure

DMWEST #9392379 v1

**APP. 9**

# Ballard Spahr
###### LLP

———————————————————

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

FAX TRANSMISSION

DATE   October 25, 2012

| RECIPIENT | COMPANY | FAX | TEL |
|---|---|---|---|
| Legal Processing | Trust One Payment Services | 770-947-6004 | 770.947-6000 |

| SENDER | EMAIL | FAX | TEL |
|---|---|---|---|
| Andrew W. Robertson | robertsona@ballardspahr.com | 619.696.9269 | 619.487.0783 |

MATTER          00143936

TOTAL NO. OF PAGES, INCLUDING THIS PAGE          3

If you do not receive all pages, please call 619.696.9200.

MESSAGE

### ASSET FREEZE ORDER
*Federal Trade Commission v. Ambrosia Web Design LLC, et al.*
### USDC Case No. CV-12-2248-PHX

PLEASE NOTE

The information contained in this facsimile message is privileged and confidential and is intended only for the use of the individual or entity named above and others who have been specifically authorized to receive it.  If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received the communication in error, or if any problems occur with transmission, please notify us immediately by telephone. Thank you.

DMWEST #9392622 v1

Atlanta  |  Baltimore  |  Bethesda  |  Denver  |  Las Vegas  |  Los Angeles  |  New Jersey  |  Philadelphia  |  Phoenix  |  Salt Lake City  |  San Diego
Washington, DC  |  Wilmington  |  www.ballardspahr.com

**APP. 10**

# Ballard Spahr
LLP

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Andrew W. Robertson
Direct: 619.487.0783
Fax: 619.696.9269
robertsona@ballardspahr.com

October 25, 2012

*Via Facsimile (770-947-6004)*

Legal Processing
Trust One Payment Services
214 Maple Street
Villa Rica, GA 30180

Re:     *FTC v. Ambrosia Web Design LLC, et al.*
        U.S.D.C. (Arizona) Case No. CV-12-2248

Dear Sir/Madam:

As a follow-up to our letter to you dated October 24, 2012, wherein we transmitted a copy of the Temporary Restraining Order with an Asset Freeze and Appointment of Receiver ("Order"), freezing the assets of the parties listed below ("Defendant" or collectively the "Defendants"), we have identified an account number for one of the Defendant's accounts with Trust One Payment Services.

In compliance with the Order, **please immediately freeze Western GPS LLC's Merchant Account Nos. ▮▮▮▮▮3156 and, as previously requested, Merchant Account No. ▮▮▮▮▮2429, as well as any reserve or related accounts**.

Please confirm with our office today, the accounts that have been identified by account name, type of account, and balance for each account, as well as any internal tracking reference number that you have assigned to this matter, that we may reference it in future correspondence.

The following Defendants are subject to the asset freeze:

1.     Ambrosia Web Design LLC, also d/b/a AWD;

2.     Concord Financial Advisors LLC;

3.     CAM Services Direct LLC;

4.     AFB LLC;

5.     Western GPS LLC (**Merchant Acct. #** ▮▮▮▮▮ **2429**);

DMWEST #9398465 v1

**APP. 11**

Legal Processing
Trust One Payment Services
October 25, 2012
Page 2

6.      Chris Ambrosia, individually and as a manager of Ambrosia Web Design
        LLC, AFB LLC, and CAM Services Direct LLC;

7.      LeRoy Castine, a/k/a Lee Castine, individually and as a manager of
        Ambrosia Web Design LLC, Concord Financial Advisors LLC, AFB LLC,
        and Western GPS LLC; and

8.      any successors, assigns, affiliates, and subsidiaries that conduct any business
        related to Defendants' credit card interest rate reduction services, and that
        the Temporary Receiver has reason to believe is owned or controlled in
        whole or in part by any of the Receivership Defendants, with the full power
        of an equity receiver.

We appreciate your cooperation.  If you have any questions, please call the Receiver's office at 619-696-9200 and ask for Jill Jacobs.

Very truly yours,

Andrew W. Robertson

AWR:jej

## Jacobs, Jill E (SD)

| | |
|---|---|
| **From:** | David Whitely <DavidWhitely@trustoneps.com> |
| **Sent:** | Tuesday, October 30, 2012 12:03 PM |
| **To:** | Jacobs, Jill E (SD) |
| **Subject:** | RE: FTC v. Ambrosia Web Design, et al., USDC Case No. CV-12-2248 |
| **Attachments:** | RESERVE 1498.pdf; RESERVE 1538.pdf; RESERVE 2429.pdf; RESERVE 3156.pdf |

About $850K total between the 4 MIDs – Please see the attached.

## TrustOne
PAYMENT SERVICES

David Whitely - Risk & Underwriting Manager
214 Maple Street - Villa Rica, Georgia 30180
(770) 947-6000 **Phone** – (770) 947-6004 **Fax**
www.TrustOnePaymentServices.com

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify me by reply e-mail and immediately and permanently delete this message and any attachments.

**From:** Jacobs, Jill E (SD) [mailto:JacobsJ@ballardspahr.com]
**Sent:** Tuesday, October 30, 2012 2:56 PM
**To:** David Whitely
**Subject:** RE: FTC v. Ambrosia Web Design, et al., USDC Case No. CV-12-2248

David,

Can you also let me know how much money is in each of the reserve accounts?

**Jill E. Jacobs**
Legal Administrative Assistant
Ballard Spahr LLP
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
Main     619-696-9200
Direct   619-487-0792
Fax      619-696-9269
JacobsJ@ballardspahr.com | www.ballardspahr.com

**From:** David Whitely [mailto:DavidWhitely@trustoneps.com]
**Sent:** Tuesday, October 30, 2012 11:41 AM
**To:** Jacobs, Jill E (SD)
**Cc:** John McGee; McNamara, Thomas W. (SD); Robertson, Andrew (SD)
**Subject:** RE: FTC v. Ambrosia Web Design, et al., USDC Case No. CV-12-2248

Hi Jill,

I have attached the first 2 files and I will send the remaining 2 in a separate email.

Thank you,

1

**APP. 13**



David Whitely - Risk & Underwriting Manager
214 Maple Street - Villa Rica, Georgia 30180
(770) 947-6000 **Phone** – (770) 947-6004 **Fax**
www.TrustOnePaymentServices.com

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify me by reply e-mail and immediately and permanently delete this message and any attachments.

---

**From:** Jacobs, Jill E (SD) [mailto:JacobsJ@ballardspahr.com]
**Sent:** Monday, October 29, 2012 5:08 PM
**To:** David Whitely
**Cc:** John McGee; McNamara, Thomas W. (SD); Robertson, Andrew (SD)
**Subject:** RE: FTC v. Ambrosia Web Design, et al., USDC Case No. CV-12-2248

Thank you.  To save some time, could you send your response by email and if it not too voluminous, include copies of any contracts or other correspondence pertaining to Defendants' accounts?

**Jill E. Jacobs**
Legal Administrative Assistant
Thomas W. McNamara and Andrew W. Robertson
Ballard Spahr LLP
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
Main     619-696-9200
Direct    619-487-0792
Fax       619-696-9269
JacobsJ@ballardspahr.com | www.ballardspahr.com

---

**From:** David Whitely [mailto:DavidWhitely@trustoneps.com]
**Sent:** Monday, October 29, 2012 2:06 PM
**To:** Jacobs, Jill E (SD)
**Cc:** John McGee
**Subject:** RE: FTC v. Ambrosia Web Design, et al., USDC Case No. CV-12-2248

Hi Jill,

Sorry it has taken so long for me to respond.  I was attending MasterCard's Risk Summit last week and just got back in the office today.

As you can imagine, I am playing catch-up but I hope to be in touch with you by tomorrow afternoon (if that works for you).

Thanks,



David Whitely - Risk & Underwriting Manager
214 Maple Street - Villa Rica, Georgia 30180

(770) 947-6000 **Phone** – (770) 947-6004 **Fax**
www.TrustOnePaymentServices.com

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify me by reply e-mail and immediately and permanently delete this message and any attachments.

**From:** Jacobs, Jill E (SD) [mailto:JacobsJ@ballardspahr.com]
**Sent:** Friday, October 26, 2012 3:10 PM
**To:** Risk
**Subject:** FTC v. Ambrosia Web Design, et al., USDC Case No. CV-12-2248

Mr. Whitely,

When I called your office I was told you were traveling, but the person I spoke with provided your email address to me. I am contacting you to follow up on the attached TRO and asset freeze which was faxed to Trust One on Wednesday, October 24, 2012.

I work with the court-appointed Receiver, Thomas W. McNamara, and would like to confirm any accounts of Defendants that you hold, the account numbers, types of accounts, and account balances. Attached for your convenience is a copy of the correspondence sent on the 24th. I would appreciate any information you could provide, as soon as possible.

Thank you,

Jill

**Jill E. Jacobs**
Legal Administrative Assistant to
Thomas W. McNamara and Andrew W. Robertson
Ballard Spahr LLP
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
Main     619-696-9200
Direct   619-487-0792
Fax      619-696-9269
JacobsJ@ballardspahr.com | www.ballardspahr.com

**APP. 15**


**globalpayments**

**Run Date:   10/30/2012 02:59 PM**

### Reserves
■■■■1498

| Merchant Number | Merchant Name | GL Date | Debit | Credit | Total |
|---|---|---|---|---|---|
| | | Grand Total: | | | |

**APP. 16**

**Redacted:**
**17 pages of accounting pertaining to**
**Global Payments Reserve Account for Ambrosia Web Design,**
**Account Number Ending in 1538**



Run Date:   10/30/2012 02:59 PM

## Reserves
████ 2429

| Merchant Number | Merchant Name | GL Date | Debit | Credit | Total |
|---|---|---|---|---|---|
| ████ 2429 | WESTERN GPS LLC | 12-APR-12 | 0.00 | 2,364.54 | (2,364.54) |
| | | 12-APR-12 | 0.00 | 1,888.41 | (1,888.41) |
| | | 16-APR-12 | 0.00 | 184.71 | (184.71) |
| | | 18-APR-12 | 0.00 | 1,923.15 | (1,923.15) |
| | | 19-APR-12 | 0.00 | 1,274.61 | (1,274.61) |
| | | 20-APR-12 | 0.00 | 595.66 | (595.66) |
| | | 23-APR-12 | 0.00 | 597.66 | (597.66) |
| | | 24-APR-12 | 0.00 | 347.46 | (347.46) |
| | | 25-APR-12 | 0.00 | 462.43 | (462.43) |
| | | 26-APR-12 | 0.00 | 482.70 | (482.70) |
| | | 27-APR-12 | 0.00 | 1,036.13 | (1,036.13) |
| | | 30-APR-12 | 0.00 | 507.64 | (507.64) |
| | | 01-MAY-12 | 0.00 | 1,405.08 | (1,405.08) |
| | | 02-MAY-12 | 0.00 | 1,124.05 | (1,124.05) |
| | | 03-MAY-12 | 0.00 | 1,401.17 | (1,401.17) |
| | | 04-MAY-12 | 0.00 | 2,873.79 | (2,873.79) |
| | | 07-MAY-12 | 0.00 | 3,474.49 | (3,474.49) |
| | | 08-MAY-12 | 0.00 | 8,194.06 | (8,194.06) |
| | | 09-MAY-12 | 0.00 | 7,170.81 | (7,170.81) |
| | | 10-MAY-12 | 0.00 | 4,139.90 | (4,139.90) |
| | | 11-MAY-12 | 0.00 | 4,745.54 | (4,745.54) |
| | | 14-MAY-12 | 0.00 | 6,553.24 | (6,553.24) |
| | | 15-MAY-12 | 0.00 | 595.00 | (595.00) |
| | | 15-MAY-12 | 0.00 | 5,710.30 | (5,710.30) |
| | | 16-MAY-12 | 0.00 | 8,159.00 | (8,159.00) |
| | | 17-MAY-12 | 0.00 | 8,534.31 | (8,534.31) |
| | | 18-MAY-12 | 0.00 | 3,146.23 | (3,146.23) |
| | | 21-MAY-12 | 0.00 | 4,039.70 | (4,039.70) |
| | | 22-MAY-12 | 0.00 | 4,866.68 | (4,866.68) |
| | | 23-MAY-12 | 0.00 | 5,655.32 | (5,655.32) |
| | | 24-MAY-12 | 0.00 | 3,948.40 | (3,948.40) |
| | | 25-MAY-12 | 0.00 | 100.00 | (100.00) |
| | | 25-MAY-12 | 0.00 | 3,906.70 | (3,906.70) |
| | | 29-MAY-12 | 0.00 | 2,527.87 | (2,527.87) |
| | | 29-MAY-12 | 0.00 | 4,125.33 | (4,125.33) |
| | | 30-MAY-12 | 0.00 | 995.00 | (995.00) |
| | | 30-MAY-12 | 0.00 | 3,291.75 | (3,291.75) |
| | | 31-MAY-12 | 0.00 | 3,780.41 | (3,780.41) |
| | | 01-JUN-12 | 0.00 | 4,485.54 | (4,485.54) |
| | | 04-JUN-12 | 0.00 | 3,957.01 | (3,957.01) |
| | | 04-JUN-12 | 0.00 | 2,391.06 | (2,391.06) |
| | | 05-JUN-12 | 0.00 | 3,181.30 | (3,181.30) |
| | | 06-JUN-12 | 0.00 | 2,490.00 | (2,490.00) |
| | | 06-JUN-12 | 0.00 | 3,603.35 | (3,603.35) |
| | | 07-JUN-12 | 13,898.50 | 0.00 | 13,898.50 |
| | | 07-JUN-12 | 0.00 | 4,979.58 | (4,979.58) |
| | | 08-JUN-12 | 0.00 | 3,715.74 | (3,715.74) |
| | | 11-JUN-12 | 0.00 | 1,495.00 | (1,495.00) |
| | | 11-JUN-12 | 0.00 | 4,722.18 | (4,722.18) |
| | | 12-JUN-12 | 0.00 | 3,933.00 | (3,933.00) |
| | | 12-JUN-12 | 0.00 | 3,782.40 | (3,782.40) |

APP. 18



**Run Date:   10/30/2012 02:59 PM**

## Reserves

2429

| Merchant Number | Merchant Name | GL Date | Debit | Credit | Total |
|---|---|---|---|---|---|
| 2429 | | 13-JUN-12 | 0.00 | 4,417.04 | (4,417.04) |
| | | 14-JUN-12 | 0.00 | 4,184.74 | (4,184.74) |
| | | 15-JUN-12 | 0.00 | 5,655.79 | (5,655.79) |
| | | 18-JUN-12 | 0.00 | 5,262.09 | (5,262.09) |
| | | 19-JUN-12 | 0.00 | 3,458.57 | (3,458.57) |
| | | 20-JUN-12 | 0.00 | 4,825.92 | (4,825.92) |
| | | 21-JUN-12 | 0.00 | 595.00 | (595.00) |
| | | 21-JUN-12 | 0.00 | 2,339.85 | (2,339.85) |
| | | 22-JUN-12 | 0.00 | 3,011.52 | (3,011.52) |
| | | 25-JUN-12 | 0.00 | 1,190.00 | (1,190.00) |
| | | 25-JUN-12 | 0.00 | 6,642.47 | (6,642.47) |
| | | 26-JUN-12 | 0.00 | 4,063.81 | (4,063.81) |
| | | 27-JUN-12 | 0.00 | 1,790.00 | (1,790.00) |
| | | 27-JUN-12 | 0.00 | 4,623.48 | (4,623.48) |
| | | 28-JUN-12 | 0.00 | 5,533.75 | (5,533.75) |
| | | 29-JUN-12 | 0.00 | 5,830.46 | (5,830.46) |
| | | 02-JUL-12 | 0.00 | 595.00 | (595.00) |
| | | 02-JUL-12 | 0.00 | 580.78 | (580.78) |
| | | 02-JUL-12 | 0.00 | 6,062.91 | (6,062.91) |
| | | 03-JUL-12 | 0.00 | 2,090.00 | (2,090.00) |
| | | 03-JUL-12 | 42,105.00 | 0.00 | 42,105.00 |
| | | 03-JUL-12 | 0.00 | 5,946.13 | (5,946.13) |
| | | 05-JUL-12 | 0.00 | 795.00 | (795.00) |
| | | 05-JUL-12 | 0.00 | 5,702.37 | (5,702.37) |
| | | 06-JUL-12 | 0.00 | 4,932.77 | (4,932.77) |
| | | 09-JUL-12 | 0.00 | 7,333.98 | (7,333.98) |
| | | 10-JUL-12 | 0.00 | 595.00 | (595.00) |
| | | 10-JUL-12 | 0.00 | 4,966.02 | (4,966.02) |
| | | 11-JUL-12 | 0.00 | 895.00 | (895.00) |
| | | 11-JUL-12 | 0.00 | 2,149.95 | (2,149.95) |
| | | 12-JUL-12 | 0.00 | 5,480.00 | (5,480.00) |
| | | 12-JUL-12 | 0.00 | 5,084.99 | (5,084.99) |
| | | 13-JUL-12 | 0.00 | 6,054.34 | (6,054.34) |
| | | 16-JUL-12 | 0.00 | 1,095.00 | (1,095.00) |
| | | 16-JUL-12 | 0.00 | 3,090.00 | (3,090.00) |
| | | 16-JUL-12 | 0.00 | 5,243.95 | (5,243.95) |
| | | 17-JUL-12 | 0.00 | 3,010.63 | (3,010.63) |
| | | 18-JUL-12 | 0.00 | 1,995.00 | (1,995.00) |
| | | 18-JUL-12 | 0.00 | 1,495.00 | (1,495.00) |
| | | 18-JUL-12 | 0.00 | 7,182.46 | (7,182.46) |
| | | 19-JUL-12 | 0.00 | 1,995.00 | (1,995.00) |
| | | 19-JUL-12 | 1,995.00 | 0.00 | 1,995.00 |
| | | 19-JUL-12 | 0.00 | 4,525.07 | (4,525.07) |
| | | 20-JUL-12 | 0.00 | 2,910.11 | (2,910.11) |
| | | 23-JUL-12 | 0.00 | 594.77 | (594.77) |
| | | 23-JUL-12 | 0.00 | 6,136.90 | (6,136.90) |
| | | 24-JUL-12 | 0.00 | 6,012.21 | (6,012.21) |
| | | 25-JUL-12 | 0.00 | 6,842.01 | (6,842.01) |
| | | 26-JUL-12 | 0.00 | 7,637.94 | (7,637.94) |
| | | 27-JUL-12 | 0.00 | 595.00 | (595.00) |
| | | 27-JUL-12 | 0.00 | 4,490.38 | (4,490.38) |

**APP. 19**

 globalpayments

**Run Date:   10/30/2012 02:59 PM**

## Reserves

████ 2429

| Merchant Number   Merchant Name | GL Date | Debit | Credit | Total |
|---|---|---|---|---|
| ████ 2429 | 30-JUL-12 | 0.00 | 5,711.19 | (5,711.19) |
| | 30-JUL-12 | 0.00 | 1,269.18 | (1,269.18) |
| | 31-JUL-12 | 0.00 | 4,889.98 | (4,889.98) |
| | 01-AUG-12 | 0.00 | 6,999.36 | (6,999.36) |
| | 02-AUG-12 | 0.00 | 1,095.00 | (1,095.00) |
| | 02-AUG-12 | 0.00 | 6,894.10 | (6,894.10) |
| | 03-AUG-12 | 0.00 | 4,117.14 | (4,117.14) |
| | 06-AUG-12 | 0.00 | 5,212.87 | (5,212.87) |
| | 06-AUG-12 | 0.00 | 430.45 | (430.45) |
| | 07-AUG-12 | 0.00 | 3,090.00 | (3,090.00) |
| | 07-AUG-12 | 0.00 | 6,370.17 | (6,370.17) |
| | 08-AUG-12 | 0.00 | 4,639.52 | (4,639.52) |
| | 09-AUG-12 | 0.00 | 6,429.40 | (6,429.40) |
| | 10-AUG-12 | 0.00 | 6,778.00 | (6,778.00) |
| | 10-AUG-12 | 0.00 | 7,137.29 | (7,137.29) |
| | 13-AUG-12 | 0.00 | 1,995.00 | (1,995.00) |
| | 13-AUG-12 | 0.00 | 6,223.82 | (6,223.82) |
| | 13-AUG-12 | 0.00 | 1,364.23 | (1,364.23) |
| | 14-AUG-12 | 0.00 | 3,780.00 | (3,780.00) |
| | 14-AUG-12 | 0.00 | 6,053.33 | (6,053.33) |
| | 15-AUG-12 | 0.00 | 6,983.00 | (6,983.00) |
| | 15-AUG-12 | 0.00 | 9,884.40 | (9,884.40) |
| | 16-AUG-12 | 0.00 | 7,758.85 | (7,758.85) |
| | 17-AUG-12 | 0.00 | 5,011.87 | (5,011.87) |
| | 17-AUG-12 | 0.00 | 6,448.32 | (6,448.32) |
| | 20-AUG-12 | 0.00 | 595.00 | (595.00) |
| | 20-AUG-12 | 11,486.54 | 0.00 | 11,486.54 |
| | 20-AUG-12 | 0.00 | 375.00 | (375.00) |
| | 20-AUG-12 | 0.00 | 6,800.75 | (6,800.75) |
| | 21-AUG-12 | 0.00 | 3,995.59 | (3,995.59) |
| | 22-AUG-12 | 0.00 | 6,075.00 | (6,075.00) |
| | 22-AUG-12 | 0.00 | 3,865.15 | (3,865.15) |
| | 23-AUG-12 | 0.00 | 8,020.40 | (8,020.40) |
| | 24-AUG-12 | 0.00 | 1,995.00 | (1,995.00) |
| | 24-AUG-12 | 0.00 | 8,751.00 | (8,751.00) |
| | 27-AUG-12 | 0.00 | 1,790.00 | (1,790.00) |
| | 27-AUG-12 | 0.00 | 2,224.86 | (2,224.86) |
| | 27-AUG-12 | 0.00 | 8,444.17 | (8,444.17) |
| | 28-AUG-12 | 0.00 | 6,104.99 | (6,104.99) |
| | 29-AUG-12 | 0.00 | 11,376.50 | (11,376.50) |
| | 30-AUG-12 | 0.00 | 8,113.28 | (8,113.28) |
| | 31-AUG-12 | 0.00 | 3,636.25 | (3,636.25) |
| | 04-SEP-12 | 0.00 | 995.00 | (995.00) |
| | 04-SEP-12 | 11,486.54 | 0.00 | 11,486.54 |
| | 04-SEP-12 | 0.00 | 3,276.83 | (3,276.83) |
| | 04-SEP-12 | 0.00 | 467.97 | (467.97) |
| | 04-SEP-12 | 0.00 | 8,723.58 | (8,723.58) |
| | 05-SEP-12 | 0.00 | 5,391.73 | (5,391.73) |
| | 06-SEP-12 | 0.00 | 1,790.00 | (1,790.00) |
| | 06-SEP-12 | 0.00 | 8,267.99 | (8,267.99) |
| | 07-SEP-12 | 0.00 | 6,913.75 | (6,913.75) |

**APP. 20**



Run Date:   10/30/2012 02:59 PM

## Reserves

██████2429

| Merchant Number | Merchant Name | GL Date | Debit | Credit | Total |
|---|---|---|---|---|---|
| ██████2429 | | 10-SEP-12 | 0.00 | 1,085.32 | (1,085.32) |
| | | 10-SEP-12 | 0.00 | 8,467.70 | (8,467.70) |
| | | 11-SEP-12 | 0.00 | 6,642.60 | (6,642.60) |
| | | 12-SEP-12 | 0.00 | 9,063.54 | (9,063.54) |
| | | 13-SEP-12 | 0.00 | 6,265.00 | (6,265.00) |
| | | 13-SEP-12 | 0.00 | 4,804.28 | (4,804.28) |
| | | 14-SEP-12 | 0.00 | 2,780.00 | (2,780.00) |
| | | 14-SEP-12 | 0.00 | 3,636.25 | (3,636.25) |
| | | 14-SEP-12 | 0.00 | 7,747.48 | (7,747.48) |
| | | 17-SEP-12 | 0.00 | 5,408.31 | (5,408.31) |
| | | 18-SEP-12 | 0.00 | 7,020.26 | (7,020.26) |
| | | 19-SEP-12 | 3,636.25 | 0.00 | 3,636.25 |
| | | 19-SEP-12 | 0.00 | 6,936.81 | (6,936.81) |
| | | 20-SEP-12 | 0.00 | 3,448.48 | (3,448.48) |
| | | 21-SEP-12 | 0.00 | 6,160.00 | (6,160.00) |
| | | 21-SEP-12 | 0.00 | 7,109.33 | (7,109.33) |
| | | 24-SEP-12 | 0.00 | 6,241.90 | (6,241.90) |
| | | 24-SEP-12 | 0.00 | 1,159.64 | (1,159.64) |
| | | 25-SEP-12 | 9,173.01 | 0.00 | 9,173.01 |
| | | 25-SEP-12 | 0.00 | 8,836.06 | (8,836.06) |
| | | 26-SEP-12 | 0.00 | 9,263.76 | (9,263.76) |
| | | 27-SEP-12 | 0.00 | 1,995.00 | (1,995.00) |
| | | 27-SEP-12 | 0.00 | 7,703.80 | (7,703.80) |
| | | 28-SEP-12 | 0.00 | 3,990.00 | (3,990.00) |
| | | 28-SEP-12 | 0.00 | 9,187.06 | (9,187.06) |
| | | 01-OCT-12 | 0.00 | 5,488.00 | (5,488.00) |
| | | 01-OCT-12 | 0.00 | 6,734.72 | (6,734.72) |
| | | 01-OCT-12 | 0.00 | 2,187.90 | (2,187.90) |
| | | 02-OCT-12 | 0.00 | 9,045.13 | (9,045.13) |
| | | 03-OCT-12 | 0.00 | 11,665.52 | (11,665.52) |
| | | 04-OCT-12 | 0.00 | 995.00 | (995.00) |
| | | 04-OCT-12 | 0.00 | 1,790.00 | (1,790.00) |
| | | 04-OCT-12 | 0.00 | 9,157.76 | (9,157.76) |
| | | 05-OCT-12 | 0.00 | 5,375.00 | (5,375.00) |
| | | 05-OCT-12 | 0.00 | 7,796.32 | (7,796.32) |
| | | 09-OCT-12 | 0.00 | 3,490.00 | (3,490.00) |
| | | 09-OCT-12 | 0.00 | 9,610.83 | (9,610.83) |
| | | 09-OCT-12 | 0.00 | 748.96 | (748.96) |
| | | 09-OCT-12 | 0.00 | 7,951.58 | (7,951.58) |
| | | 10-OCT-12 | 0.00 | 1,995.00 | (1,995.00) |
| | | 10-OCT-12 | 0.00 | 8,865.57 | (8,865.57) |
| | | 11-OCT-12 | 0.00 | 1,835.80 | (1,835.80) |
| | | 11-OCT-12 | 0.00 | 6,467.53 | (6,467.53) |
| | | 12-OCT-12 | 0.00 | 2,185.00 | (2,185.00) |
| | | 12-OCT-12 | 0.00 | 4,956.61 | (4,956.61) |
| | | 15-OCT-12 | 0.00 | 2,990.00 | (2,990.00) |
| | | 15-OCT-12 | 0.00 | 7,309.88 | (7,309.88) |
| | | 15-OCT-12 | 0.00 | 2,020.22 | (2,020.22) |
| | | 16-OCT-12 | 0.00 | 6,915.48 | (6,915.48) |
| | | 17-OCT-12 | 0.00 | 3,788.12 | (3,788.12) |
| | | 18-OCT-12 | 0.00 | 2,308.50 | (2,308.50) |

**APP. 21**



Run Date:   10/30/2012 02:59 PM

## Reserves

2429

| Merchant Number | Merchant Name | GL Date | Debit | Credit | Total |
|---|---|---|---|---|---|
| 2429 | | 18-OCT-12 | 0.00 | 5,424.82 | (5,424.82) |
| | | 19-OCT-12 | 0.00 | 1,690.00 | (1,690.00) |
| | | 19-OCT-12 | 0.00 | 6,461.37 | (6,461.37) |
| | | 22-OCT-12 | 0.00 | 1,495.00 | (1,495.00) |
| | | 22-OCT-12 | 0.00 | 4,960.81 | (4,960.81) |
| | | 22-OCT-12 | 0.00 | 446.85 | (446.85) |
| | | 23-OCT-12 | 36,559.54 | 0.00 | 36,559.54 |
| | | 23-OCT-12 | 0.00 | 1,095.00 | (1,095.00) |
| | | 23-OCT-12 | 0.00 | 5,268.22 | (5,268.22) |
| | | 24-OCT-12 | 0.00 | 2,262.31 | (2,262.31) |
| | | 25-OCT-12 | 0.00 | 2,585.00 | (2,585.00) |
| | | 25-OCT-12 | 0.00 | 7,113.01 | (7,113.01) |
| | | 26-OCT-12 | 0.00 | 5,175.00 | (5,175.00) |
| | | Total: | 130,340.38 | 903,566.21 | (773,225.83) |
| | | **Grand Total:** | **130,340.38** | **903,566.21** | **(773,225.83)** |

APP. 22

 globalpayments

Run Date: **10/30/2012 02:59 PM**

**Reserves**

3156

| Merchant Number | Merchant Name | GL Date | Debit | Credit | Total |
|---|---|---|---|---|---|
| 3156 | WESTERN GPS LLC | 18-SEP-12 | 0.00 | 1,217.47 | (1,217.47) |
| | | 19-SEP-12 | 0.00 | 1,261.46 | (1,261.46) |
| | | 20-SEP-12 | 0.00 | 1,015.67 | (1,015.67) |
| | | 21-SEP-12 | 0.00 | 1,260.16 | (1,260.16) |
| | | 24-SEP-12 | 0.00 | 1,356.65 | (1,356.65) |
| | | 25-SEP-12 | 0.00 | 1,262.64 | (1,262.64) |
| | | 26-SEP-12 | 0.00 | 1,286.14 | (1,286.14) |
| | | 27-SEP-12 | 0.00 | 987.59 | (987.59) |
| | | 28-SEP-12 | 0.00 | 1,258.86 | (1,258.86) |
| | | 01-OCT-12 | 0.00 | 1,216.93 | (1,216.93) |
| | | 01-OCT-12 | 0.00 | 2,056.52 | (2,056.52) |
| | | 02-OCT-12 | 0.00 | 1,446.76 | (1,446.76) |
| | | 03-OCT-12 | 0.00 | 997.13 | (997.13) |
| | | 04-OCT-12 | 0.00 | 1,239.13 | (1,239.13) |
| | | 05-OCT-12 | 0.00 | 1,518.56 | (1,518.56) |
| | | 09-OCT-12 | 0.00 | 186.72 | (186.72) |
| | | 09-OCT-12 | 0.00 | 1,260.16 | (1,260.16) |
| | | 09-OCT-12 | 0.00 | 1,120.32 | (1,120.32) |
| | | 10-OCT-12 | 0.00 | 1,190.83 | (1,190.83) |
| | | 11-OCT-12 | 0.00 | 3,166.55 | (3,166.55) |
| | | 12-OCT-12 | 0.00 | 3,989.35 | (3,989.35) |
| | | 15-OCT-12 | 0.00 | 1,121.62 | (1,121.62) |
| | | 15-OCT-12 | 0.00 | 3,184.02 | (3,184.02) |
| | | 16-OCT-12 | 0.00 | 7,073.90 | (7,073.90) |
| | | 17-OCT-12 | 0.00 | 6,294.24 | (6,294.24) |
| | | 18-OCT-12 | 0.00 | 5,246.76 | (5,246.76) |
| | | 19-OCT-12 | 0.00 | 3,602.59 | (3,602.59) |
| | | 22-OCT-12 | 0.00 | 757.58 | (757.58) |
| | | 22-OCT-12 | 0.00 | 6,120.91 | (6,120.91) |
| | | 23-OCT-12 | 0.00 | 3,082.01 | (3,082.01) |
| | | 24-OCT-12 | 0.00 | 8,479.04 | (8,479.04) |
| | | 25-OCT-12 | 0.00 | 7,568.75 | (7,568.75) |
| | | **Total:** | **0.00** | **82,827.02** | **(82,827.02)** |
| | | **Grand Total:** | | **82,827.02** | **(82,827.02)** |

Page 1 of 1

**APP. 23**

# Ballard Spahr
#### LLP

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Andrew W. Robertson
Direct: 619.487.0783
Fax: 619.696.9269
robertsona@ballardspahr.com

November 13, 2012

*Via E-mail (leslie.luck@globalpay.com)*

Leslie De Lara Luck
Legal Departnebt
Global Payments
10 Glenlake Parkway North
Atlanta, GA 30328

Re:   *FTC v. Ambrosia Web Design LLC, et al.*
      U.S.D.C. (Arizona) Case No. CV-12-2248

Dear Ms. Luck:

As you know from previous correspondence with our office, we are counsel to Thomas W. McNamara, court-appointed Receiver, in the above-referenced matter, appointed by a Temporary Restraining Order entered on October 22, 2012 and served on Global Payments on October 24, 2012.

We write to place you on notice that it is the Receiver's position that all funds in the merchant account reserves held for CAM Services Direct, Western GPS, and Ambrosia Web Design are the property of the receivership and are subject to the asset freeze. Since these reserves are frozen, they may not be used to fund consumer chargebacks or for any other purpose.

If you have any further questions, please call me at 619-696-9200.

Very truly yours,

Andrew W. Robertson

AWR:jej

DMWEST #9434217 v1

APP. 24

# Ballard Spahr
LLP

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Andrew W. Robertson
Direct: 619.487.0783
Fax: 619.696.9269
robertsona@ballardspahr.com

November 13, 2012

*Via E-mail (DavidWhitely@trustoneps.com)*

David Whitely
Risk & Underwriting Manager
Trust One Payment Services
214 Maple Street
Villa Rica, GA 30180

Re:  *FTC v. Ambrosia Web Design LLC, et al.*
     U.S.D.C. (Arizona) Case No. CV-12-2248

Dear Mr. Whitely:

As you know from previous correspondence with our office, we are counsel to Thomas W. McNamara, court-appointed Receiver, in the above-referenced matter, appointed by a Temporary Restraining Order entered on October 22, 2012 and served on Trust One Payment Services on October 24, 2012.

We write to place you on notice that it is the Receiver's position that all funds in the merchant account reserves held for Western GPS and Ambrosia Web Design are the property of the receivership and are subject to the asset freeze. Since these reserves are frozen, they may not be used to fund consumer chargebacks or for any other purpose.

If you have any further questions, please call me at 619-696-9200.

Very truly yours,

Andrew W. Robertson

AWR:jej

DMWEST #9434238 v1

**APP. 25**

# Ballard Spahr
LLP

---------------------

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Andrew W. Robertson
Direct: 619.487.0783
Fax: 619.696.9269
robertsona@ballardspahr.com

March 15, 2013

*Via E-mail (leslie.luck@globalpay.com)*
*U.S. Mail*

Leslie De Lara Luck
Legal Departnebt
Global Payments
10 Glenlake Parkway North
Atlanta, GA 30328

Re:   *FTC v. Ambrosia Web Design LLC, et al.*
      U.S.D.C. (Arizona) Case No. CV-12-2248
      <u>Request to Deliver Frozen Funds of Receivership Defendant Western GPS, LLC</u>

Dear Ms. Luck:

We are counsel to Thomas W. McNamara, the court-appointed Receiver of Western GPS, LLC ("Western GPS"). Mr. McNamara was appointed by a Temporary Restraining Order with an Asset Freeze and Appointment of Receiver ("TRO") entered in the referenced case on October 22, 2012. The appointment was confirmed as permanent by a Preliminary Injunction entered March 8, 2013. Western GPS is identified as a Receivership Defendant at page 4 of TRO and at page 4 of the Preliminary Injunction.

By letter dated October 24, 2012, copy enclosed, we placed you on notice of the TRO and the asset freeze applicable to accounts of Western GPS. We are now providing you a copy of the Preliminary Injunction which extends that asset freeze.

The Preliminary Injunction provides that, upon the request of the Receiver, any financial institution holding funds of Receivership Defendants must deliver those funds to the Receiver:

> IT IS FURTHER ORDERED that, upon service of a copy of this
> Order, all banks, broker-dealers, savings and loans, escrow agents,
> title companies, commodity trading companies, or other financial
> institutions shall cooperate with all reasonable requests of the
> Receiver relating to implementation of this Order, <u>including
> transferring all funds held on behalf of Receivership Defendants to
> the Receiver</u> and producing records related to the assets of
> Receivership Defendants.

Preliminary Injunction, Section XXI, page 24 (emphasis added).

DMWEST #9683454 v1

**APP. 26**

Leslie De Lara Luck
March 15, 2013
Page 2

On behalf of Mr. McNamara, the court-appointed Receiver, we hereby request that Global Payments immediately transfer to the Receiver all funds held by you in the name of, or for the benefit of, Western GPS, specifically including, but not limited to, the following accounts:

1. Western GPS, LLC, Account No        2429; and
2. Western GPS, LLC, Account No        3156

We understand that the accounts identified above are reserve accounts maintained in connection with processing services provided by Global Payments to Western GPS. It is the Receiver's position that these funds are the property of the receivership and must now be transferred to the Receiver. Once you received notice of the asset freeze on October 24, 2012, those funds should have been immediately frozen – this would include making them unavailable to cover any chargebacks received after notice of the asset freeze. For your information, we enclose the March 4, 2013 Order from an FTC case in Tampa, Florida, *FTC v. Innovative Wealth Builders, Inc.*, Case No. 8:13-cv-0123-T, in which the Court ordered a merchant processor and its bank to deliver all funds in the reserve account to the Receiver. Similar processors were directed to turn over these types of funds in *FTC v. Productive Marketing, Inc.*, 136 F. Supp. 2d 1096 (C.D. Cal. 2001) and *FTC v. NHS Systems, Inc.*, 708 F. Supp. 2d 456 (E.D. Pa. 2009).

Please make the transfer by delivery of cashier's check payable to "AWD Receivership," by and through Thomas W. McNamara as court-appointed Receiver, and sent to Ballard Spahr LLP, Attention: Jill Jacobs, 655 West Broadway, Suite 1600, San Diego, California 92101-8494. Upon completion of the transfer of funds, please close the accounts. Arrangements can also be made to wire the funds, if you prefer, by contacting Ms. Jacobs.

If you have any questions, please call me at 619-696-9200.

Very truly yours,

Andrew W. Robertson

AWR:jej
Enclosures:
(1)     Preliminary Injunction Order with Asset Freeze, Appointment of Receiver, and Other Equitable Relief (March 8, 2013)
(2)     Letter to Global Payments re: TRO and Asset Freeze (October 24, 2012)
(3)     *FTC v. Innovative Wealth Builders*, Order entered March 4, 2013

# Ballard Spahr
**LLP**

– – – – – – – – – – – – – – – – – – –
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Andrew W. Robertson
Direct: 619.487.0783
Fax: 619.696.9269
robertsona@ballardspahr.com

October 24, 2012

*Via Facsimile (770-829-8265)*

Legal Department
Global Payments

Re:    *FTC v. Ambrosia Web Design LLC, et al.*
       U.S.D.C. (Arizona) Case No. CV-12-2248

Dear Sir/Madam:

On October 22, 2012, the United States District Court for the District of Arizona issued a Temporary Restraining Order with an Asset Freeze and Appointment of Receiver ("Order"), freezing the assets of the parties listed below ("Defendant" or collectively the "Defendants"). We are counsel to Thomas W. McNamara who was appointed Temporary Receiver by the Order.

**The Order freezing Defendants' assets is attached hereto. This facsimile transmission puts you on notice of the Court's Temporary Restraining Order, Asset Freeze and Appointment of Temporary Receiver.**

The following Defendants are subject to the asset freeze:

1.    Ambrosia Web Design LLC, also d/b/a AWD;

2.    Concord Financial Advisors LLC;

3.    CAM Services Direct LLC;

4.    AFB LLC;

5.    Western GPS LLC;

6.    Chris Ambrosia, individually and as a manager of Ambrosia Web Design LLC, AFB LLC, and CAM Services Direct LLC;

7.    LeRoy Castine, a/k/a Lee Castine, individually and as a manager of Ambrosia Web Design LLC, Concord Financial Advisors LLC, AFB LLC, and Western GPS LLC; and

DMWEST #9391076 v1

**APP. 28**

Legal Department
October 24, 2012
Page 2

8.      any successors, assigns, affiliates, and subsidiaries that conduct any business related to Defendants' credit card interest rate reduction services, and that the Temporary Receiver has reason to believe is owned or controlled in whole or in part by any of the Receivership Defendants, with the full power of an equity receiver.

**Pursuant to the Order, immediately upon receipt, you must hold and retain within your control, and prohibit the withdrawal, removal, or any other disposition of any of the assets under your control. You must also deny Defendants access to any safe deposit boxes. For the specific statement of the "Duties of Asset Holders" we refer you to paragraph VI pages 9-11 of the Order.**

In our experience, it is not uncommon for defendants whose accounts have been ordered frozen to attempt nonetheless to withdraw or transfer funds from their banks. Receivership personnel have, in fact, witnessed defendants in other cases enter a bank and attempt to make a withdrawal at the same time the Receivership personnel were delivering the Order to the bank. **Accordingly, we urge you to process the asset freeze immediately.**

The Order also sets forth specific requirements to provide information about Defendants' accounts to the Federal Trade Commission. *See* Section VI(C) and (D) at pages 9-11.

We appreciate your cooperation. If you have any questions, please call the Receiver's office at 619-696-9200 and ask for Jill Jacobs.

Very truly yours,

Andrew W. Robertson

AWR:jej
Enclosures

DMWEST #9391076 v1

**Jacobs, Jill E (SD)**

| | |
|---|---|
| **From:** | Reider, Colleen (PHX) <ReiderC@ballardspahr.com> |
| **Sent:** | Monday, April 01, 2013 2:38 PM |
| **To:** | 'Rob Cason' |
| **Cc:** | 'David Whitely'; Benjamin, Daniel M. (SD) |
| **Subject:** | RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248 |

Dear Mr. Cason:

Thank you for your response. Please ask your attorney to contact us no later than this **Wednesday, April 3, 2013**.

**Regards,**
**Colleen M. Reider**
Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555
Direct: 602.798.5417
Fax: 602.798.5595
reiderc@ballardspahr.com | www.ballardspahr.com

**From:** Rob Cason [mailto:RobCason@trustoneps.com]
**Sent:** Monday, April 01, 2013 1:21 PM
**To:** Reider, Colleen (PHX)
**Cc:** David Whitely; Benjamin, Daniel M. (SD)
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248

I will have our attorney contact you!

Rob Cason
President/CEO
214 Maple Street
Villa Rica, GA 30180
770.947.6000 Voice
770.947.6004 Fax
**www.Trustonepaymentservices.com**

**TrustOne**
PAYMENT SERVICES

**From:** Reider, Colleen (PHX) [mailto:ReiderC@ballardspahr.com]
**Sent:** Monday, April 01, 2013 4:16 PM
**To:** Rob Cason
**Cc:** David Whitely; Benjamin, Daniel M. (SD)
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248

Dear Mr. Cason,

This response is unacceptable. It is the Receiver's position that you have violated the Temporary Restraining Order, Asset Freeze and Preliminary Injunction, and the Receiver will proceed with seeking an order to show cause and sanctions against Trust One.

1

**APP. 30**

If you wish to speak with us regarding this issue, please let me know.

**Regards,**
**Colleen M. Reider**
Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555
Direct: 602.798.5417
Fax: 602.798.5595
reiderc@ballardspahr.com | www.ballardspahr.com

**From:** Rob Cason [mailto:RobCason@trustoneps.com]
**Sent:** Monday, April 01, 2013 6:55 AM
**To:** Reider, Colleen (PHX)
**Cc:** David Whitely
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248

Colleen,

The funds in reserve do not belong to Ambrosia. All funds were released back to cardholders in question. After all is said and done, the goal is to protect the cardholder.

If you have any further questions, please do not hesitate to call or email me anytime.

Rob Cason
President/CEO
214 Maple Street
Villa Rica, GA 30180
770.947.6000 Voice
770.947.6004 Fax
**www.Trustonepaymentservices.com**

**TrustOne**
PAYMENT SERVICES

**From:** Reider, Colleen (PHX) [mailto:ReiderC@ballardspahr.com]
**Sent:** Friday, March 29, 2013 5:03 PM
**To:** David Whitely; Jacobs, Jill E (SD); Benjamin, Daniel M. (SD)
**Cc:** leslie.luck@globalpay.com; McNamara, Thomas W. (SD); Robertson, Andrew (SD); Rob Cason; Forwood, Todd # BALTIMORE; Liberto, Karen # BALTIMORE (Karen.Liberto@globalpay.com); Roberson, Tedra # BALTIMORE
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248

David,

Have you had the chance to speak with Rob Cason yet?

Also, to answer your question below, funds collected by the Receiver at this stage in the proceedings are not distributed. Funds are only distributed based upon the Court's direction following a settlement or judgment on the claims. Until that time, the only disbursements are for the costs of the Receivership.

**Regards,**
**Colleen M. Reider**
Ballard Spahr LLP

2

**APP. 31**

1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555
Direct: 602.798.5417
Fax: 602.798.5595
reiderc@ballardspahr.com | www.ballardspahr.com

**From:** David Whitely [mailto:DavidWhitely@trustoneps.com]
**Sent:** Monday, March 25, 2013 10:41 AM
**To:** Reider, Colleen (PHX); Jacobs, Jill E (SD); Benjamin, Daniel M. (SD)
**Cc:** leslie.luck@globalpay.com; McNamara, Thomas W. (SD); Robertson, Andrew (SD); Rob Cason; Forwood, Todd #
BALTIMORE; Liberto, Karen # BALTIMORE (Karen.Liberto@globalpay.com); Roberson, Tedra # BALTIMORE
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248
**Importance:** High

Colleen,

Rob Cason, the owner and CEO, is out of town until tomorrow. I should be able to respond tomorrow with a time.

In the meantime, is it possible to provide your intentions on distributing or allocating any funds received from the
merchant's reserve?

## TrustOne
PAYMENT SERVICES

David Whitely – Director of Operations
214 Maple Street - Villa Rica, Georgia 30180
(770) 947-6000 **Phone** – (770) 947-6004 **Fax**
www.TrustOnePaymentServices.com

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient,
any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in
error, please notify me by reply e-mail and immediately and permanently delete this message and any attachments.

**From:** Reider, Colleen (PHX) [mailto:ReiderC@ballardspahr.com]
**Sent:** Monday, March 25, 2013 1:38 PM
**To:** David Whitely; Jacobs, Jill E (SD); Benjamin, Daniel M. (SD)
**Cc:** leslie.luck@globalpay.com; McNamara, Thomas W. (SD); Robertson, Andrew (SD); Rob Cason; Forwood, Todd #
BALTIMORE; Liberto, Karen # BALTIMORE (Karen.Liberto@globalpay.com); Roberson, Tedra # BALTIMORE
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248

David,

Consistent with your email below, have you figured out when we can all get together for a conference call?

**Regards,**
**Colleen M. Reider**
Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555
Direct: 602.798.5417
Fax: 602.798.5595
reiderc@ballardspahr.com | www.ballardspahr.com

**From:** David Whitely [mailto:DavidWhitely@trustoneps.com]
**Sent:** Thursday, March 21, 2013 1:53 PM
**To:** Reider, Colleen (PHX); Jacobs, Jill E (SD); Benjamin, Daniel M. (SD)

3

**APP. 32**

**Cc:** leslie.luck@globalpay.com; McNamara, Thomas W. (SD); Robertson, Andrew (SD); Rob Cason; Forwood, Todd # BALTIMORE; Liberto, Karen # BALTIMORE (Karen.Liberto@globalpay.com); Roberson, Tedra # BALTIMORE
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248
**Importance:** High

Colleen,

I have received your response and I will be responding, as soon as possible, with a time that is suitable for all parties representing Trust One Payment Services and Global Payments.

**TrustOne**
PAYMENT SERVICES

David Whitely – Director of Operations
214 Maple Street - Villa Rica, Georgia 30180
(770) 947-6000 **Phone** – (770) 947-6004 **Fax**
www.TrustOnePaymentServices.com

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify me by reply e-mail and immediately and permanently delete this message and any attachments.

**From:** Reider, Colleen (PHX) [mailto:ReiderC@ballardspahr.com]
**Sent:** Thursday, March 21, 2013 4:22 PM
**To:** David Whitely; Jacobs, Jill E (SD); Benjamin, Daniel M. (SD)
**Cc:** leslie.luck@globalpay.com; McNamara, Thomas W. (SD); Robertson, Andrew (SD); Rob Cason; Forwood, Todd # BALTIMORE; Liberto, Karen # BALTIMORE (Karen.Liberto@globalpay.com); Roberson, Tedra # BALTIMORE
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248

David,

Please let us know when you are available for a conference call on this issue. As detailed in the letter, we are not expecting to just receive $93,510.26. We expect to receive the entire amount of $758,352.82 for the account ending in 2429 and $75,258.27 for the account ending in 3156.

Regards,
**Colleen M. Reider**
Ballard Spahr LLP
1 East Washington Street
Suite 2300
Phoenix, AZ 85004-2555
Direct: 602.798.5417
Fax: 602.798.5595
reiderc@ballardspahr.com | www.ballardspahr.com

**From:** David Whitely [mailto:DavidWhitely@trustoneps.com]
**Sent:** Thursday, March 21, 2013 12:14 PM
**To:** Jacobs, Jill E (SD)
**Cc:** leslie.luck@globalpay.com; McNamara, Thomas W. (SD); Robertson, Andrew (SD); Reider, Colleen (PHX); Rob Cason; Forwood, Todd # BALTIMORE; Liberto, Karen # BALTIMORE (Karen.Liberto@globalpay.com); Roberson, Tedra # BALTIMORE
**Subject:** RE: FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248
**Importance:** High

As of this morning, we have requested that Global Payments release the remaining reserve funds of $93,510.26 to your firm.

4

Please let me know if you have any further questions or if any further action is required on my part.

**TrustOne**
PAYMENT SERVICES

David Whitely – Director of Operations
214 Maple Street - Villa Rica, Georgia 30180
(770) 947-6000 **Phone** – (770) 947-6004 **Fax**
www.TrustOnePaymentServices.com

This message and any attachments are solely for the intended recipient and may contain confidential or privileged information. If you are not the intended recipient, any disclosure, copying, use, or distribution of the information included in this message and any attachments is prohibited. If you have received this communication in error, please notify me by reply e-mail and immediately and permanently delete this message and any attachments.

**From:** Jacobs, Jill E (SD) [mailto:JacobsJ@ballardspahr.com]
**Sent:** Thursday, March 21, 2013 3:09 PM
**To:** David Whitely
**Cc:** leslie.luck@globalpay.com; McNamara, Thomas W. (SD); Robertson, Andrew (SD); Reider, Colleen (PHX)
**Subject:** FTC v. Ambrosia Web Design, USDC (AZ), Case No. CV-12-2248

Please see the attached letter from Mr. Robertson, attorney for Thomas W. McNamara, the court-appointed Receiver in this matter.

**Jill E. Jacobs**
Legal Administrative Assistant to
Thomas W. McNamara and Andrew W. Robertson
Ballard Spahr LLP
655 West Broadway, Suite 1600
San Diego, CA 92101-8494
Main     619-696-9200
Direct    619-487-0792
Fax       619-696-9269
JacobsJ@ballardspahr.com | www.ballardspahr.com

APP. 34

# Ballard Spahr
LLP

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Andrew W. Robertson
Direct: 619.487.0783
Fax: 619.696.9269
robertsona@ballardspahr.com

March 21, 2013

*Via E-mail (DavidWhitely@trustoneps.com)*

David Whitely
Risk & Underwriting Manager
Trust One Payment Services
214 Maple Street
Villa Rica, GA 30180

Re:    *FTC v. Ambrosia Web Design LLC, et al.*
      U.S.D.C. (Arizona) Case No. CV-12-2248

Dear Mr. Whitely:

As you know from previous correspondence with our office, we are counsel to Thomas W. McNamara, court-appointed Receiver, in the above-referenced matter, appointed by a Temporary Restraining Order entered on October 22, 2012 and served on Trust One Payment Services on October 24, 2012. Trust One Payment Services was also put on notice of the Temporary Restraining Order on November 13, 2012. The Receiver's appointment was confirmed as permanent by a Preliminary Injunction entered March 8, 2013.

On March 15, 2013, the Receiver made demand upon Global Payments that it immediately transfer to the Receiver all funds held in the name of, or for the benefit of, Western GPS, specifically including, but not limited to, the following accounts:

1. Western GPS, LLC, Account No. ▮▮▮▮▮▮▮2429; and
2. Western GPS, LLC, Account No. ▮▮▮▮▮▮3156

We understand that Global Payments has forwarded this demand to Trust One Payment Services, as your company maintains the reserves in these accounts. It has come to our attention that Trust One Payment Services intends to transfer the remaining funds in these accounts to the Receiver, but only after accounting for the setoff relating to chargebacks on the accounts.

As detailed below, any application of any setoffs is specifically **prohibited** by case law and the Preliminary Injunction itself. The Receiver hereby demands turnover of the **entire** amount of funds in these accounts that were frozen **before** accounting for any chargebacks. Absent such a prompt turnover of the complete accounts, the Receiver will seek a civil contempt order, sanctions, and attorneys' fees against Trust One Payment Services.

DMWEST #9697280 v2

Atlanta | Baltimore | Bethesda | Denver | Las Vegas | Los Angeles | New Jersey | Philadelphia | Phoenix | Salt Lake City | San Diego
Washington, DC | Wilmington | www.ballardspahr.com

APP. 35

David Whitely
Trust One Payment Services
March 21, 2013
Page 2

First, funds in a reserve account are assets of the receivership estate. *FTC v. Productive Marketing Inc.*, 136 F. Supp. 1096 (C.D. Cal. 2001); *United States v. Payment Processing Center, LLC*, 461 F. Supp. 2d 319 (E.D. Pa. 2006). All rights and title to all of the receivership assets are vested in the receiver "on the date of appointment." *U.S. v. Ariz. Fuels Corp.*, 739 F.2d 455, 458 (9th Cir. 1984). Consequently, "**a creditor cannot setoff pre-receivership debts against receivership assets in his possession.**" *Id.* (emphasis added). Instead, a creditor "los[es] its right, contractual or otherwise, to unilaterally settle past debts on [the date of receivership.]" *Id.* at 458; *see also In re Calstar, Inc.*, 159 B.R. 247, 257 (Bankr. D. Minn. 1993) (a creditor's contractual right to setoff is a "*contingent, unmatured* right to payment.") (emphasis in original).

A merchant account processor must turnover all reserves in the account before accounting for any setoff relating to chargebacks. *See Federal Trade Commission v. NHS Sys., Inc.*, 708 F. Supp. 2d 456 (E.D. Pa. 2009); *FTC v. Productive Marketing, Inc.*, 136 F. Supp. 2d 1096 (C.D. Cal. 2001). This finding was recently upheld in Tampa, Florida in the case of *FTC v. Innovative Wealth Builders, Inc.*, Case No. 8:13-cv-0123-T. There, the Court ordered a merchant processor and its bank to deliver all funds in the reserve account to the Receiver, regardless of their setoff rights.

Trust One Payment Services' right to setoff is also specifically prohibited by the Preliminary Injunction. Section XXII of the Preliminary Injunction provides that:

> **[D]uring pendency of the receivership**, Defendants **and all other persons or entities** (other than the Commission) **are stayed from taking any action to establish or enforce any claim, right or interest for, against, on behalf of, in, or in the name of . . . any of the assets of the Receivership Defendants.** . . whether such acts are part of a judicial proceeding, **are acts of self-help**, or otherwise.

(Emphasis added).

Trust One Payment Services' intent to setoff chargeback amounts before transferring the reserves to the Receiver is an act of self-help. It thus would directly violate the Preliminary Injunction. Such an act in violation of a receivership order constitutes civil contempt. *See, e.g., Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006) (*citing S.E.C. v. Universal Fin.*, 760 F.2d 1034, 1038 (9th Cir. 1985)). "Because the court's power of injunction in a receivership proceeding arises from its power over the assets in question, non-parties to the underlying litigation may be bound by a blanket stay, so long as the non-parties have notice of the injunction." *Liberte Capital*, 462 F.3d at 552; *citing Bien v. Robinson*, 208 U.S. 423, 428 (1908) (finding "frivolous" the contention that a non-party would not be bound by the court's injunction against claims against a receivership under the court's control); *see also S.E.C. v. Wencke*, 622 F.2d 1363, 1371 (9th Cir. 1980) (finding the district court's equitable powers over the property in receivership sufficient to justify a blanket stay against litigation without leave of the court, even against non-parties). Intentional interference with a receivership in contravention of a district court's blanket stay is punishable by contempt. *Liberte Capital*, 462 F.3d at 552 ("No rule is better settled than that when a court has appointed a receiver, his possession is the possession of the court, for the benefit of the parties to the suit and all concerned, and cannot be disturbed without the leave of the court; and that if any person, without

DMWEST #9697280 v2

David Whitely
Trust One Payment Services
March 21, 2013
Page 3

leave, intentionally interferes with such possession, he necessarily commits a contempt of court, and is liable to punishment therefor.") (quoting *In re Tyler*, 149 U.S. 164, 181 (1893)).

Accordingly, the Receiver hereby demands that Trust One Payment Services immediately turnover the entire $758,352.82 in account number ▊▊▊▊▊2429, and the entire $75,258.27 in account number ▊▊▊▊▊3156, as well as any other funds or reserves in accounts relating to the Receivership Defendants.

Please make the transfer by delivery of cashier's check payable to "AWD Receivership," by and through Thomas W. McNamara as court-appointed Receiver, and sent to Ballard Spahr LLP, Attention: Jill Jacobs, 655 West Broadway, Suite 1600, San Diego, California 92101-8494. Upon completion of the transfer of funds, please close the accounts. Arrangements can also be made to wire the funds, if you prefer, by contacting Ms. Jacobs.

If you have any questions, please call me at 619-696-9200. We look forward to your prompt compliance with the Court's Preliminary Injunction.

Very truly yours,

Andrew W. Robertson

AWR:jej

cc: Leslie Luck, Esq., Global Payments (via email leslie.luck@globalpay.com)



**Jennings, Strouss & Salmon, PLC**
Attorneys at Law

One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone:  602.262.5911
www.jsslaw.com

**Jimmie W. Pursell, Jr.**
Direct Dial:  602.262.5812
Direct Fax:  602.495.2671
jpursell@jsslaw.com

April 10, 2013

<u>**Via E-mail and U.S. Mail**</u>
Andrew W. Robertson
Ballard Spahr, LLP
655 West Broadway, Suite 1600
San Diego, CA  92101–8494

Colleen M. Reider
Ballard Spahr, LLP
One East Washington, Suite 2300
Phoenix, AZ 85004

   Re:  FTC v. Ambrosia Web Design, LLC et al
       U.S.D.C. (Arizona) Case No. CV 12-2248 (FJM)
       Letter dated March 21, 2013

Dear Mr. Robertson and Ms. Reider:

   Jennings Strouss & Salmon has been retained by non-party Trust One Payment Services ("Trust One" or "TOPS") to respond to your letter of March 21, 2013 (the "Letter") that, inter alia, requests Trust One to deliver certain funds to the court appointed receiver of Western GPS, LLC.  For the reasons set forth below, Trust One disagrees with the conclusion that these funds are the property of the receivership or that the Receiver otherwise has a right to the funds, and, therefore, declines to comply with the turnover request.

   Initially, the Preliminary Injunction refers to "…funds held on behalf of Receivership Defendants…all funds held…in the name of or for the benefit of [Receivership Defendants]…" The Preliminary Injunction limits its applicability to funds "in the actual or constructive possession of or owned, controlled or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, … or other financial institution or depository of any kind, either within or outside the territorial United States."

   We note that the Letter incorrectly assumes that Trust One holds "reserve" funds generated by Western GPS, LLC.  Trust One understands that Western GPS "reserve" funds are held by Global Payments Direct in a general account along with reserve funds from all merchants that utilizes its services.  Thus, even if there was no other reason to reject the demand in the Letter, the simple fact that Trust One does not hold the funds is sufficient. We also note that the Letter inappropriately refers to "setoffs."  As we assume you know, courts from around the country distinguish between "setoffs" and recoupment.  TOPS does

**Phoenix ‣ Peoria ‣ Washington, DC**

**APP. 38**

Mr. Robertson and Ms. Reider
April 10, 2013
Page 2

not view the situation as involving "setoffs," but rather recoupment, and that distinction has very different ramifications.

Trust One's relationship with Western GPS is based on and governed by the Merchant Agreement entered into by them.   A copy of an unexecuted Merchant Application form is attached hereto as Exhibit 1.  Paragraphs 14 (Returned Items/Chargebacks), 15 (Reserve Account) and 16 (Default/Security Interest) of the Terms and Conditions are of particular significance to the current issues.  You should note that paragraphs 15 and 16 expressly state that Merchant (here Western GPS, LLC) gives Member (here HSBC, as the sponsoring financial institution of the Mastercard and Visa networks) a security interest in all accounts, including the Reserve Account.

Trust One's conclusion that the funds at issue are not the property of the receivership or that the Receiver otherwise does not have a right to the funds is based on the above quoted language of the Preliminary Injunction and the language of the Merchant Agreement.  Several alternative analyses support Trust One's position.  First, as a matter of contract, the funds cannot be considered receivership property.  Second, even if the funds could be considered receivership property, as a matter of law, Trust One has recoupment rights that supersede receivership rights.  Third, Trust One does not have possession or control over any funds subject to the Court's orders.  The Receiver may not take control over something that Trust One does not have the right to control in the first place.

The decision of the United States District Court for the Northern District of Illinois, Eastern Division, in *Federal Trade Commission v. Transcontinental Warranty, Inc.*, 2009 WL 5166213 (ND. Ill. 2009), is virtually on all fours with the instant situation and should govern the analysis thereof.  In *Transcontinental Warranty*, the Court, utilizing contractual and legal (recoupment) theories, held that a finance company, which contracted with a warranty provider to collect payments for warranties it sold to customers, was not required to turn over funds to the receivership estate since refunds were due it from the receiver.  There is no reason that the same result should not occur here.

*Transcontinental Warranty* ("TW") sold vehicle service contracts ("VSCs") via a telemarketing program.  The FTC obtained a temporary restraining order enjoining TW's telemarketing program and initiating an asset freeze.  A receiver was appointed by the Court.  Mepco "serviced" the payment of the VSCs.  Per contract with TW, the Dealer Agreement, Mepco collected payments from the buyers and distributed funds to TW and others, including itself.  Mepco set aside certain funds to cover refunds for when a customer cancelled the contract.[1]  The Dealer Agreement contained a provision that allowed Mepco, whenever it deemed itself insecure, to retain funds "until such time as Mepco deems itself secure."  The receiver demanded that Mepco turnover all funds, including the "set-aside funds."  Mepco refused and the receiver brought a turnover motion.

The "basic question" before the *Transcontinental Warranty* Court was "whether...any money is "due" the receiver under the Dealer Agreement."  2009 WL 5166213 at *3.  In deciding that the receiver was not entitled to the subject funds, the Court was influenced by the fact that "the receiver [wa]s not claiming property held by Mepco in Transcontinental's name....Instead, it [wa]s asserting a disputed right to payment under the Dealer Agreement." (*Id.* at *2)  The Court stated: "Common sense indicates that Mepco was right

---

[1]  "The Reserve Account – security against any costs, losses, or expenses incurred in connection with the [Dealer] Agreement."  (2009 WL 2236998, Objection to Receiver's Turnover Motion, June 2, 2009)

Mr. Robertson and Ms. Reider
April 10, 2013
Page 3

to deem itself "insecure" after the FTC filed this lawsuit, and we agree with Mepco that our order appointing the receiver did not eviscerate that provision of the parties' contract." (*Id.*)

Noting that the Dealer Agreement called for TW to provide a refund to Mepco for each cancelled contract, the Court rejected the receiver's claim, "which has the effect of giving the receiver the Dealer Agreement's benefits without its burdens" (*Id.* at *3) and, applying recoupment analysis, concluded that "Mepco is entitled to recoup cancellation payments from the amounts that would otherwise be due to Transcontinental for payment-plan sales." (*Id.*)

Other courts have recognized the right of recoupment in similar circumstances. *See In re B & L Oil Company*, 782 F.2d 155 (10th Cir. 1986) (Creditor could recoup overpayments made pursuant to oil division order before debtor's filing for bankruptcy by withholding money owed for purchases that creditor made from debtor after bankruptcy; allowing debtor's other creditors to share in overpayment would give them windfall); *In re Malinowski*, 156 F.3d 131 (2nd Cir. 1998) (Automatic stay is inapplicable to recoupment, because funds subject to recoupment are not the debtor's property.)

Other cases that support Trust One's position that the FTC has no right to the reserve funds during the pendency of the chargeback period include:

- *In re World Communications, Inc. v. Direct Marketing Guaranty Trust*, 72 B.R. 498, 502 (D. Utah, 1987) (Determination of whether a party has a secured interest and whether that secured interest can be adequately protected by the trustee is a condition precedent to an order for turnover);

- *In re Amco Products*, 50 B.R. 723 (W.D. Mo. 1983) (Bankruptcy trustee was entitled only to any funds remaining in differential account after all contracts were liquidated, where under dealer agreement between bank and debtor, debtor had no right to withdraw at will, differential account was not to be considered deposit, bankrupt had no right to withdraw funds while dealer paper was outstanding, and deposits made by debtor to replenish account were not made in regular course of business); and,

- *USA v. Payment Processing Ctr.*, 461 F.Supp.2d 319 (E.D. Pa. 2006) (Court found that some funds of bank customer charged with telemarketing fraud held by bank belonged to bank and some funds belonged to customer, funds belonging to customer were properly restrained, funds belonging to bank were not properly restrained).

In contrast, the authorities cited in the Letter are factually distinguishable.

**APP. 40**

Mr. Robertson and Ms. Reider
April 10, 2013
Page 4


    In conclusion, Trust One <mark>is not in possession or control over the Western GPS funds.</mark> Trust One has an equitable interest in the funds in the Reserve Account, and, thus, has recoupment rights.   The Reserve Account was created precisely for this type of situation – to protect Trust One from the possibility of chargebacks.   <mark>The Receiver's demand to turn over the funds is unfounded.</mark>

                 Very truly yours,

                 JENNINGS, STROUSS & SALMON, P.L.C.


                 By                          
                              Jimmie W. Pursell, Jr.

JWP/egb
Enclosure

# EXHIBIT 1



## CARD SERVICES TERMS & CONDITIONS
### 1. GENERAL.

The "Card Services Agreement" consists of these Card Services Terms & Conditions and the Merchant Application and is made by and among Merchant (or "you"), Global Payments Direct, Inc. ("Global Direct"), and Member (as defined below). The provisions in the Card Services Agreement are applicable to Merchant if Merchant has signed the appropriate space in the Acceptance of Terms & Conditions/Merchant Authorization section of the Merchant Application. The member bank identified in the Merchant Application ("Member") is a member of Visa USA, Inc. ("Visa") and MasterCard International, Inc. ("MasterCard"). Global Direct is a registered independent sales organization of Visa, a member service provider of MasterCard and a registered acquirer for Discover Financial Services LLC ("Discover"). Any references to the Debit Sponsor shall refer to the debit sponsor identified below.

Merchant and Global Direct agree that the rights and obligations contained in these Card Services Terms and Conditions do not apply to the Member with respect to Discover transactions and Switched Transactions (as defined below). To the extent Merchant accepts Discover cards, the provisions in this Agreement with respect to Discover apply if Merchant does not have a separate agreement with Discover. In such case, Merchant will also be enabled to accept JCB and Diner's Club cards under the Discover network and such transactions will be processed at the same fee rate as Merchant's Discover transactions are processed. To the extent Merchant accepts Discover cards and has a separate agreement with Discover, Discover card transactions shall be processed as Switched Transactions (as defined below).

Under the terms of the Card Services Agreement, Merchant will be furnished with the services and products described herein and in the Merchant Application and selected by Merchant therein (collectively and individually, as applicable, the "Services"). During the term of the Card Services Agreement, Global Direct will be the sole and exclusive provider of all card Services to Merchant. Any Merchant accepted by Global Direct for card processing services agrees to be bound by the Card Services Agreement, including the terms of the Merchant Application and these Card Services Terms & Conditions as may be modified or amended in the future. A MERCHANT'S SUBMISSION OF A TRANSACTION TO GLOBAL DIRECT SHALL BE DEEMED TO SIGNIFY MERCHANT'S ACCEPTANCE OF THE CARD SERVICES AGREEMENT, INCLUDING THE TERMS AND CONDITIONS HEREIN.

Except as expressly stated in the first three paragraphs of Section 13, all terms and conditions of this Card Services Agreement shall survive termination to the extent necessary to protect Global Direct and Member's rights herein.

### 2. SERVICE DESCRIPTIONS.

Credit Card Processing Services: Global Direct's credit card processing services consist of authorization and electronic draft capture of credit card transactions; outclearing of such transactions to the appropriate card associations and/or issuers (e.g., Visa, MasterCard, Diners, Discover); settlement; dispute resolution with cardholders' banks; and transaction-related reporting, statements and products. From time to time under this Card Services Agreement, upon Merchant's request, Global Direct may facilitate the transmission of certain payment card transactions ("Switched Transactions") to the respective card issuers, including but not limited to American Express®, Diners Club® and various fleet, private label and commercial cards. Switched Transactions require Global Direct's prior written approval and are subject to applicable pricing. Global Direct does not purchase the indebtedness associated with Switched Transactions.

EBT Transaction Processing Services: Global Direct offers electronic interfaces to Electronic Benefits Transfer ("EBT") networks for the processing of cash payments or credits to or for the benefit of benefit recipients ("Recipients"). Global Direct will provide settlement and switching services for various Point of Sale transactions initiated through Merchant for the authorization of the issuance of the United States Department of Agriculture, Food and Nutrition Services ("FNS") food stamp benefits ("FS Benefits") and/or government delivered cash assistance benefits ("Cash Benefits," with FS Benefits, "Benefits") to Recipients through the use of a state-issued card ("EBT Card").

Provisions regarding debit card services are set forth in Section 27 below.

With respect to Visa and MasterCard products, Merchant may elect to accept credit cards or debit/prepaid cards or both. Merchant shall so elect on the Merchant Application being completed contemporaneously herewith. Merchant agrees to pay and Merchant's account(s) will be charged pursuant to Section 5 of this Card Services Agreement for any additional fees incurred as a result of Merchant's subsequent acceptance of transactions with any Visa or MasterCard product that it has elected not to accept.

### 3. PROCEDURES.

Merchant will permit holders of valid cards bearing the symbols of the cards authorized to be accepted by Merchant hereunder to charge purchases or leases of goods and services and the debt resulting therefrom shall be purchased hereunder, provided that the transaction complies with the terms of this Card Services Agreement. All indebtedness submitted by Merchant for purchase will be evidenced by an approved sales slip. Merchant will not present for purchase any indebtedness that does not arise out of a transaction between a cardholder and Merchant. Merchant agrees to follow the Card Acceptance Guide which is incorporated into and made part of this Card Services Agreement, and to be bound by the operating regulations and rules of Visa, MasterCard, Discover and any other card association or network organization covered by this Card Services Agreement, as any of the above referenced documents may be modified and amended from time to time. Merchant acknowledges that the Card Acceptance Guide is located on Global Direct's website at www.globalpaymentsinc.com. Without limiting the generality of the foregoing, Merchant agrees to comply with and be bound by, and to cause any third party who provides Merchant with services related to payment processing or facilitates Merchant's ability to accept credit and debit cards and who is not a party to this Card Services Agreement to comply with and be bound by, the rules and regulations of Visa, MasterCard, Discover and any other card association or network organization related to cardholder and transaction information security, including without limitation, all rules and regulations imposed by the Payment Card Industry (PCI) Security Standards Council (including without limitation the PCI Data Security Standard),Visa's Cardholder Information Security Program, MasterCard's Site Data Protection Program, and Payment Application Best Practices. Merchant also agrees to cooperate at its sole expense with any request for an audit or investigation by Global Direct, Member, a card association or network organization in connection with cardholder and transaction information security. Without limiting the generality of the foregoing, Merchant agrees that it will use information obtained from a cardholder in connection with a card transaction solely for the purpose of processing a transaction with that cardholder or attempting to re-present a chargeback with respect to such transaction. Merchant will indemnify and hold Global Direct and Member harmless from any fines and penalties issued by Visa, MasterCard, Discover or any card association or network organization and any other fees and costs arising out of or relating to the processing of transactions by Global Direct and Member at Merchant's location(s) and will reimburse Global Direct for any losses incurred by Global Direct with respect to any such fines, penalties, fees and costs.

Without limiting the generality of any other provision of this Card Services Agreement, Merchant also agrees that it will comply with all applicable laws, rules and regulations related to both (a) the truncation or masking of cardholder numbers and expiration dates on transaction receipts from transactions processed at Merchant's location(s), including without limitation the Fair and Accurate Credit Transactions Act and applicable state laws ("Truncation Laws") and (b) the collection of personal information from a cardholder in connection with a card transaction, including all applicable state laws ("Laws on Collection of Personal Information"). As between Merchant, on the one hand, and Global Direct and Member, on the other hand, Merchant shall be solely responsible for complying with all Truncation Laws and Laws on Collection of Personal Information and will indemnify and hold Global Direct and Member harmless from any claim, loss or damage resulting from a violation of Truncation Laws or Laws on Collection of Personal Information as a result of transactions processed at Merchant's location(s).

Rev. 01/12 – TOP

**APP. 43**

Global Direct may, from time to time, issue written directions (via mail or Internet) regarding procedures to follow and forms to use to carry out this Card Services Agreement. These directions and the terms of the forms are binding as soon as they are issued and shall form part of these Card Services Terms & Conditions. Such operating regulations and rules may be reviewed upon appointment at Global Direct's designated premises and Merchant acknowledges that it has had the opportunity to request a review and/or review such operating regulations and rules in connection with its execution of this Card Services Agreement.

**4. MARKETING.**

Merchant shall adequately display the card issuer service marks and promotional materials supplied by Global Direct. Merchant shall cease to use or display such service marks immediately upon notice from Global Direct or upon termination of this Card Services Agreement.

**5. PAYMENT, CHARGES AND FEES.**

Fees and charges payable by Merchant shall be as set forth in the Merchant Application. Merchant will be paid for indebtedness purchased under this Card Services Agreement by credit to Merchant's account(s). Merchant's account(s) will be credited for the gross amount of the indebtedness deposited less the amount of any credit vouchers deposited. Merchant shall not be entitled to credit for any indebtedness that arises out of a transaction not processed in accordance with the terms of this Card Services Agreement or the rules and regulations of a card association or network organization. Availability of any such funds shall be subject to the procedures of the applicable financial institution. Chargebacks and adjustments will be charged to Merchant's account(s) on a daily basis. Merchant agrees to pay and Merchant's account(s) will be charged for the discount, fees, chargebacks, and other fees and charges described in this Card Services Agreement. Merchant also agrees to pay and Merchant's account(s) will be debited for all fees, arbitration fees, fines, penalties, etc. charged or assessed by the card associations or network organizations on account of or related to Merchant's processing hereunder, including without limitation with regards to any third party who provides Merchant with services related to payment processing or facilitates Merchant's ability to accept credit and debit cards and who is not a party to this Card Services Agreement. If any type of overpayment to Merchant or other error occurs, Merchant's account(s) may be debited or credited, without notice, and if Merchant's account(s) do not contain sufficient funds, Merchant agrees to remit the amount owed directly to Global Direct. Merchant agrees not to, directly or indirectly, prevent, block or otherwise preclude any debit by Global Direct or Member to Merchant's account which is permitted hereunder. Merchant represents and warrants that no one other than Merchant has any claim against such indebtedness except as authorized in writing by Member and Global Direct. Merchant hereby assigns to Member and Global Direct all of its right, title, and interest in and to all indebtedness submitted hereunder and agrees that Member and Global Direct have the sole right to receive payment on any indebtedness purchased hereunder.

**6. EQUIPMENT AND SUPPLIES/THIRD PARTY SERVICES.**

Merchant agrees that it will not acquire any title, copyrights, or any other proprietary right to any advertising material; leased equipment including imprinters, authorization terminals, or printers; software; credit card authenticators; unused forms; and Merchant deposit plastic cards provided by Global Direct in connection with this Card Services Agreement. Merchant will protect all such items from loss, theft, damage or any legal encumbrance and will allow Global Direct and its designated representatives reasonable access to Merchant's premises for their repair, removal, modification, installation and relocation. Merchant acknowledges that any equipment or software provided under this Card Services Agreement is embedded with proprietary technology ("Software"). Merchant shall not obtain title, copyrights or any other proprietary right to any Software. At all time, Global Direct or its suppliers retain all rights to such Software, including but not limited to updates, enhancements and additions. Merchant shall not disclose such Software to any party, convey, copy, license, sublicense, modify, translate, reverse engineer, decompile, disassemble, tamper with, or create any derivative work based on such Software. Merchant's use of such Software shall be limited to that expressly authorized by Global Direct. Global Direct's suppliers are intended third party beneficiaries of this Card Services Agreement to the extent of any terms herein pertaining to such suppliers' ownership rights; such suppliers have the right to rely on and directly enforce such terms against Merchant.

The operating terminals will instruct Merchant in the proper use of the terminals, and Merchant shall use and operate the terminals only in such manner. If Merchant has purchased the maintenance/help desk service hereunder for its terminals, Merchant will promptly notify Global Direct of any equipment malfunction, failure or other incident resulting in the loss of use of the equipment or need for repair or maintenance, whereupon Global Direct will make the necessary arrangements to obtain required maintenance. Merchant is responsible for shipping costs. Merchant shall cooperate with Global Direct in its attempt to diagnose any problem with the terminal. In the event the Merchant's terminal requires additional Software, Merchant is obligated to cooperate and participate in a dial in down line load procedure. With respect to any item of equipment leased to Merchant by Global Direct, Merchant will not be liable for normal wear and tear, provided, however, that Merchant will be liable to Global Direct in the event that any leased item of equipment is lost, destroyed, stolen or rendered inoperative. Merchant will indemnify Global Direct against any loss arising out of damage to or destruction of any item of equipment provided hereunder for any cause whatsoever. Merchant also agrees to hold harmless and indemnify Global Direct for any costs, expenses, and judgments Global Direct may suffer, including reasonable attorney's fees, as a result of Merchant's use of the equipment provided hereunder. Any unused equipment in its original packaging purchased from Global Direct hereunder may be returned to Global Direct at Merchant's expense within sixty (60) days of receipt. Merchant shall receive a refund of any money paid in connection therewith subject to a re-stocking fee of an amount equal to 20 percent of the total purchase price for the returned equipment. No refunds shall be issued for any equipment returned after sixty (60) days.

Merchant acknowledges that some of the services to be provided by Global Direct and Member hereunder may be provided by third parties. Merchant agrees that except for its right to utilize such services in connection with this Card Services Agreement, it acquires no right, title or interest in any such services. Merchant further agrees that it has no contractual relationship with any third party providing services under this Card Services Agreement and that Merchant is not a third party beneficiary of any agreement between Global Direct or Member, as applicable, and such third party. Merchant may not resell the services of any third party providing services under this Card Services Agreement to any other party.

**7. FINANCIAL INFORMATION.**

Merchant agrees to furnish Global Direct and Member such financial statements and information concerning Merchant, its owners, principals, partners, proprietors or its affiliates as Global Direct may from time to time request. Global Direct, or its duly authorized representatives, may examine the books and records of Merchant, including records of all indebtedness previously purchased or presented for purchase. Merchant agrees to retain copies of all paper and electronic sales slips and credit slips submitted to Global Direct for a period of two years from submission, or such longer period of time as may be required by the operating rules or regulations of the card associations or network organizations, by law, or by Global Direct as specifically requested in writing in individual cases.

**8. CHANGE IN BUSINESS.**

Merchant agrees to provide Global Direct and Member sixty (60) days prior written notice of its (a) transfer or sale of any substantial part (ten percent (10%) or more) of its total stock, assets and/or to liquidate; or (b) change to the basic nature of its business, or (c) provided that Merchant has not indicated on the Merchant Application that it accepts mail order, telephone order, or internet-based transactions, conversion of all or part of the business to mail order sales, telephone order sales, Internet-based sales or to other sales where the card is not present and swiped through Merchant's terminal. Upon the occurrence of any such event, the terms of this Card Services Agreement may be modified to address issues arising therefrom, including but not limited to requirements of applicable card associations or network organizations.

**9. TRANSFERABILITY.**

This Card Services Agreement is not transferable by Merchant without the written consent of Global Direct and Member. Any attempt by Merchant to assign its rights or to delegate its obligations in violation of this paragraph shall be void. Merchant agrees that the rights and obligations of Global Direct hereunder may be transferred by Global Direct without notice to Merchant. Merchant agrees that the rights and obligations of Member hereunder may be transferred to any other

**APP. 44**