IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>AMBROSIA WEB DESIGN LLC, an Arizona limited liability company, also d/b/a AWD, et. al.,<br><br>*Defendants*. | Case No. CV 12-2248-PHX-FJM<br><br>DECLARATION OF LESLIE DE LARA LUCK, ESQ. |

1. I, Leslie De Lara Luck, Esq., am over eighteen years of age and am competent to give testimony in this Declaration. I have personal knowledge of all facts set forth herein.

2. I am a Vice President and Division General Counsel at Global Payments Inc., a publicly traded Fortune 1000 company and the parent corporation of Global Payments Direct, Inc. ("Global"). I have served in Global's legal department for approximately the past seven years. In that role, I have become knowledgeable regarding the legal aspects of Global's business.

3. I received certain correspondence from the FTC's receiver in this case, including the October 24, 2012 letter appearing in the FTC's appendix at FTC

App. 28-29. In response to that letter, and consistent with Global's practice of providing prompt and fulsome disclosures to the FTC (even where Global may disagree with the FTC's legal positions), I provided the letter(s) found at FTC App. 3-6.

4. My response identified, *inter alia*, the two "Reserve Accounts" associated with Western GPS that are at issue in this case. By providing that information to the FTC, I was not attempting to suggest – and never intended to suggest – that the Reserve Account belonged, or contained funds belonging, to Western GPS. It did not. Rather, Global's Reserve Account (which contains "pooled" reserve funds from thousands of merchants to which Global provides processing services) was established by Global and is held in Global's name at HSBC, Global's acquiring bank. Merchants, such as Western GPS, have no access to those funds, have no ability to withdraw them, and have no signatory authority over them. They also may not transfer, pledge, or use them for their own purposes. Likewise, interest on funds held in the Reserve Account does not belong to merchants.

5. I am familiar with Global's "Merchant Services Agreement" with Trust One Payment Services, Inc. ("Trust One") – an independent sales organization ("ISO") that markets payment card processing to merchants. That contract, which has been in place since late 2005, requires that Trust One

use its best efforts not to accept any merchant application that does not meet Global's credit policy. It also requires that Trust One prescreen and underwrite all potential merchants. Although that agreement permits Global, in its discretion, to conduct an independent credit review of merchants, it requires Trust One to monitor merchants' processing activity in order to detect fraud and risk issues. (Because that agreement contains a confidentiality provision as well as proprietary and commercially sensitive information, it is not attached to this declaration. If the Court would find the Merchant Services Agreement relevant for any reason, then Global would respectfully request the opportunity to provide it to the Court under seal or for *in camera* review.)

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 16th day of August, 2013.

*[signature]*
Leslie De Lara Luck, Esq.
Vice President and Division
General Counsel
Global Payments Inc.